## McKinsey v. Bowman.

DITCHES AND DRAINS.—*Acts of* 1867 *and* 1875.—*Repeal of Statute.—Statutes Construed.*—The act of March 9th, 1875, 1 R. S. 1876, p. 428, to enable the owners of wet lands to drain the same, etc., does not repeal, but, by its own terms, is in addition to, the act of March 11th, 1867, 3 Ind. Stat., p. 228, on the same subject; but, wherever the provisions of such acts conflict with each other, those of the former must control.

SAME.—*Petition.*—The petition for the construction of a drain pursuant to either of such acts must allege, and the proof thereunder show, that such drain will be conducive to the public health, convenience or welfare, or of public benefit or utility.

SAME.—*Evidence.—Report of Appraisers.*—The report of the appraisers of a proposed drain is, on appeal to the circuit court, one of the papers in the case, is not proper evidence to sustain itself, and raises no *prima facie* presumption of the correctness of the action of such appraisers.

SAME.—*Practice.*—Such proceeding, on appeal to the circuit court, stands for trial *de novo.*

SUPREME COURT.—*Bill of Exceptions.*—A bill of exceptions, purporting to contain the evidence given on the trial of a cause appealed to the Supreme Court, should affirmatively show that it contains all the evidence.

From the Clinton Circuit Court.

*J. Claybaugh* and —— *Campbell*, for appellant.

*Morrison & Morrison* and *J. N. Sims*, for appellee.

BIDDLE, C. J.—Petition by the appellee, to the board of commissioners of Clinton county, filed at their special term, March, 1875, to establish a drain. From the date when the proceedings were commenced, they must have been based upon the act of March 11th, 1867, 3 Ind. Stat., p. 228. By the act of March 9th, 1875, 1 R. S. 1876, p. 428, the whole subject was reenacted. The later act, however, does not repeal the former, but enacts, that "The provisions of this act shall not be so construed as to repeal any law of this State now in force to encourage the construction of levees, dikes and drains, and to enable the owners of wet lands to drain and redrain [reclaim?] the same, but such shall be in addition thereto." It is plain, therefore, that the two acts must be construed together. Wherein they conflict, the latter act must prevail, and by the latter act such a proceeding can not be maintained, unless the petition and proof show that such a ditch or drain will be "conducive to the public health, convenience or welfare, or when the same will be of public benefit or utility."

In pursuance of the petition, the board appointed three appraisers to make the assessments of benefits and damages connected with the drain. Two of the appraisers made report of their assessments, from which the appellant appealed to the circuit court, wherein a trial by jury was had, and the assessments affirmed. A motion for a new trial was made and ten causes filed in its support. The motion was overruled, exception reserved, and appeal taken to this court.

There are two bills of exceptions in the record. One properly presents several questions of law arising upon evidence admitted and rejected, and upon instructions given and refused. The other bill of exceptions attempts to present questions of fact; but, as it does not show that it contains all the evidence, it is therefore not properly in the record.

At the trial, the appellee offered to the jury the report of the appraisers, and the assessments they had made, as evidence in their own support; and the court, over the exceptions of the appellant, allowed them to go. This ruling was erroneous. The appeal opened the case for a trial *de novo*. The report of the appraisers was one of the papers in the case upon which the trial was founded; it was not an instrument of evidence in its own support. *Kellogg* v. *Price*, 42 Ind. 360; *Bate* v. *Sheets*, 50 Ind. 329; *Baker* v. *The Arctic Ditchers*, 54 Ind. 310.

At the request of the appellee, and over the objections and exceptions of the appellant, the court instructed the jury as follows:

" 2. In order to set aside the report of the appraisers, there must be something more than the opinions of witnesses against the judgment of the appraisers as expressed in their report of assessment. There must be something like demonstration, that the appraisers have fallen into error."

And the court, upon its own motion, gave the following instruction to the jury, to which the appellant objected and excepted:

" 5. The papers introduced in evidence in this case make a *prima facie* case for the appellee, and would entitle him to the same assessment as that made by the appraisers, were that all the evidence given in the case. This *prima facie* case may, however, be rebutted by evidence, and if the evidence in the case prove that assessment to be wrong, you should rectify it by your finding."

These instructions are erroneous. The assessments

can not be held as *prima facie*, when appealed from. They are *ex parte*. The persons assessed knew nothing of the proceedings. It would be a very unwise and unsafe doctrine to hold that a man's land may be assessed at a time when he can not contest the proceedings, and then, after he appeals, make him disprove the assessment, or bear the burden.

For these errors, the judgment is reversed, with costs, and the cause remanded for further proceedings.