Dowdell v. The State.

---

## DOWDELL v. THE STATE.

LIQUOR LAW.—*Judicial Notice.*—*Governor's Proclamation.*—The courts of this State take judicial notice of a proclamation by the Governor, declaring in force an act of the Legislature containing no emergency clause.

SAME.—*Act of 1877.*—*Act of 1875.*—*Repeal of Statute.*—The act of March 5th, 1877, Acts Reg. Sess. 1877, p. 92, in relation to the sale of intoxicating liquors, went into effect, by virtue of the Governor's proclamation, on July 2d, 1877, and, by implication, repeals section 9 of the act of March 17th, 1875, 1 R. S. 1876, p. 869, on the same subject.

SAME.—*Affidavit.*—*Sale on Sunday.*—*Beverage.*—An affidavit, charging an unlawful sale of intoxicating liquor on Sunday, must, to be sufficient under such act of March 5th, 1877, charge, that such liquor was sold " to be drank as a beverage."

From the Knox Circuit Court.

*J. C. Denny, H. Burns* and *J. S. Prichett,* for appellant.

*C. A. Buskirk,* Attorney General, and *E. Moser,* Prosecuting Attorney, for the State.

HOWK, J.—On the 1st day of August, 1877, an affidavit was filed before a justice of the peace of Knox county, Indiana, in which it was charged, that the appellant, " James Dowdell, on or about the 29th day of July, 1877,

at Knox county, in the State of Indiana, did unlawfully sell to Hattie Sherman one gill of intoxicating liquor for the sum of ten cents, the said 29th day of July, 1877, then and there being Sunday, and the said James Dowdell then and there having a license to sell intoxicating liquor in a less quantity than a quart at a time."

The appellant, on arraignment before the justice, pleaded that he was not guilty as charged; and, upon a trial of the cause, the justice found him guilty, and adjudged that he pay a fine to the State, and the costs of suit.

On appeal from the justice's judgment, the cause was tried by a jury in the court below, and a verdict was returned, finding the appellant guilty as charged, and assessing his fine at ten dollars. Appellant's written motion for a new trial was overruled, and his exception was saved to this decision, and, his written motion in arrest of judgment having been overruled, he also excepted to this decision. And the court below rendered judgment on the verdict, from which judgment this appeal is now here prosecuted.

In this court the appellant has assigned, as errors, the decisions of the court below, in overruling his motion for a new trial, and his motion in arrest of judgment.

The evidence on the trial, in the court below, is not in the record, and the appellant's learned attorneys do not claim in argument, in this court, that any error was committed in overruling the motion for a new trial. The error assigned on this ruling is therefore waived.

Did the court below err in overruling the appellant's motion in arrest of judgment? This is the only question presented by appellant's counsel, in argument, for our consideration. The motion in arrest was in writing, and the cause assigned therein for the arrest of judgment was as follows: "That the facts stated in the affidavit, on which this prosecution is based, are not sufficient to constitute a public offence."

It is manifest, we think, on the face of the affidavit in

this case, that it was intended, in and by said affidavit, to charge the appellant with the commission of the misdemeanor, which is defined, and the penalty therefor prescribed, in the 9th section of "An act to regulate and license the sale of spiritous, vinous and malt and other intoxicating liquors," etc., approved March 17th, 1875.

This section reads as follows:

"SEC. 9.   A license granted under the provisions of this act shall not authorize the person so licensed to sell or barter any intoxicating, vinous or malt liquors on Sunday, nor upon any legal holiday, nor upon the day of any State, county, township or municipal election in the township, town or city where the same may be holden, nor between the hours of 11 P. M. and 5 A. M., and upon conviction thereof he shall be deemed guilty of a misdemeanor, and be fined in any sum not less than ten, nor more than fifty dollars, and for a second conviction he shall forfeit his license, which shall be a part of the judgment of the court trying the same."   1 R. S. 1876, p. 871.

This section has never been repealed, in express terms. It is insisted, however, by appellant's counsel, that, in so far as the offence with which the appellant is charged is concerned, the section cited has been virtually repealed and superseded by the provisions of the 1st section of "An act to prohibit the sale of spirituous, vinous, and malt, and other intoxicating liquors on Sunday," etc., approved March 5th, 1877.

Omitting the enacting clause, this 1st section reads as follows:

"That it shall be unlawful for any person to sell, barter, or give away, to be drank as a beverage, any spirituous, vinous, malt, or other intoxicating liquors on Sunday, the Fourth Day of July, the first day of January, and the twenty-fifth day of December, commonly called Christmas, and Thanksgiving day, as designated by proclamation of the Governor of the State, or President of the United States, or upon the day of any State, county, township, primary

or municipal election in the township, town, or city where the same may be holden; and upon conviction thereof, the person so offending shall be deemed guilty of a misdemeanor, and be fined in any sum not less than ten, nor more than fifty dollars, to which may be added imprisonment in the county jail for any period not exceeding sixty days, in the discretion of the court or jury trying the same." Acts Reg. Sess. 1877, p. 92.

There was no emergency clause or section in this act; but it appears from the Governor's proclamation, of which we are required to take judicial notice, that the act had been published and circulated, by authority, in all the counties of this State, on the 2d day of July, 1877, on which day, therefore, the act took effect and has been since a law of this State. It was the law on the 29th day of July, 1877, on which day the appellant is charged to have committed the misdemeanor for which he is prosecuted in this case.

An important, and, in fact, the controlling, question in this cause, therefore, may be thus stated:

Did this 1st section, of the act of March 5th, 1877, repeal the said 9th section of the act of March 17th, 1875?

If this question must be answered in the affirmative, then the affidavit, in this case, was insufficient, in this, that it did not charge that the intoxicating liquor was sold "to be drank as a beverage," and the motion in arrest of judgment should have been sustained. But, if this question can be answered in the negative, then the affidavit was sufficient, and no error was committed by the court below, in overruling the motion in arrest of judgment.

From a comparison of these two sections, before cited, it will be readily seen, that the 1st section of the later act covers the whole subject-matter of the 9th section of the older act, that it is more specific and certain in its provisions, and that it prescribes different penalties for

the same offence, from those provided in the older law. It seems to us, that, in the enactment of the act of March 5th, 1877, it was the manifest intention and purpose of the Legislature to revise, and make more definite and certain, the said 9th section of the older act, and to prescribe other penalties for the offences therein defined. In the case of *Norris* v. *Crocker*, 13 How. 429, it was said by the Supreme Court of the United States: "As a general rule it is not open to controversy, that where a new statute covers the whole subject-matter of an old one, adds offences, and prescribes different penalties for those enumerated in the old law, then the former statute is repealed by implication; as the provisions of both can not stand together."

This rule of construction was cited with approval by this court, in the case of *The President, etc., of the P. & I. R. R. Co* v. *Bradshaw*, 6 Ind. 146. And see, also, the case of *Hayes* v. *The State*, 55 Ind. 99.

In our opinion, the act of March 5th, 1877, before cited, being the latest expression of the legislative will on the subject-matter thereof, repeals by implication, and entirely supersedes, the said 9th section of the act of March 17th, 1875, before cited, on the same subject-matter; and therefore we hold, that the court below erred, in overruling the appellant's motion in arrest of judgment.

The judgment is reversed, and the cause remanded, with instructions to sustain the appellant's motion in arrest of judgment.