## Tillman *v.* Kircher.

DITCHES AND DRAINS.—*Action on Assessment.*— *Evidence.*— Where, in an action to collect an assessment for the construction of a drain petitioned for after the taking effect of the act of March 9th, 1875, 1 R. S. 1876, p. 428, neither the petition, the finding of the board of commissioners, nor any evidence showing that the drain was necessary and conducive to the public health, convenience or welfare, or of public benefit or utility, is introduced, the finding should be for the defendant.

From the Wabash Circuit Court.

*M. H. Kidd, A. C. Downey* and *H. S. Downey,* for appellant.

BIDDLE, J.—Action by the appellant, against the appellee, to collect an assessment made for constructing a drain.

The proceedings to establish the drain were commenced in June, 1876, after the act of March 9th, 1875, 1 R. S. 1876, p. 428, had taken effect. Sections 1 and 4 of that act declare that any drain, to be established under the act, shall be necessary and conducive to public health, convenience or welfare, or of public benefit or utility.

Tillman *v.* Kircher.

The case was tried by the court; finding and judgment for the appellee.

We think the court was right. Neither the petition, nor the finding of the board of commissioners, nor any averment in the case, nor any evidence tending to prove that the drain is necessary and conducive to public health, convenience or welfare, or of public benefit or utility, is shown in any part of the proceedings. The Legislature can not constitutionally enact any law authorizing one person to improve the lands of another, by draining or otherwise, and compel the person benefited to pay to the other person the assessment therefor, unless the public, also, is in some way benefited thereby, as that the improvement is necessary and conducive to the public health, convenience or welfare, or of public benefit or utility; and then it can be done only by due course of law.

The general principle governing local assessments, or local taxation, was well expressed by PERKINS, J., in the case of *Anderson* v. *The Kerns Draining Company*, 14 Ind. 199, in the following words:

" But the draining of a man's farm, simply to render it more valuable to the owner, would not be a work of public utility, in the constitutional sense of the term; and a corporation organized and acting for such a purpose, would be no more acting in a public undertaking, than would a company organized and acting for the clearing up of men's farms and putting them in a better state of cultivation than the proprietors were willing to do, though the public and adjoining proprietors might be, in a substantial degree, benefited by the operation. And forcible taxation to pay for the benefit would hardly be tolerated." See, also, *McKinsey* v. *Bowman*, 58 Ind. 88.

The judgment is affirmed, at the costs of the appellant.