Bate *v.* Sheets.

## BATE *v.* SHEETS.

64  209
136  216

DITCHES AND DRAINS.—*Act of* 1867.—*Action to Collect Assessment.—Record.—Evidence.*—In an action to recover an assessment made under the drainage act of March 11th, 1867, 2 R. S. 1876, p. 684, the record of the petition, upon being properly identified and on proof of the loss of the petition, is competent evidence.

SAME.—*Act of* 1875.—*Repeal of Statute.*—The drainage act of March 9th, 1875, 1 R. S. 1876, p. 428, repeals the act of March 11th, 1867, only so far as their provisions conflict.

SAME. — *Evidence. — Section* 4 *of Act of* 1875. — By section 4 of the act of 1875, it is necessary to establish, even in an action to recover an assessment made under the act of 1867, that the evidence adduced before the board of commissioners showed, and that the board found, the proposed drain to be necessary and conducive to the public health, convenience or welfare, or of public benefit or utility ; otherwise the defendant is entitled to recover.

SAME.—*Section* 9 *of Act of* 1867.—*Personal Judgment.—Lien.*—Section 9 of the act of 1867 was not re-enacted or changed by the act of 1875, and under it the plaintiff in such action is entitled to recover, if at all, a personal judgment against the defendant, if a resident, as well as a lien against the land.

SAME.—*Effect of Act of* 1875 *on Proceeding Pending Under Act of* 1867.— A proceeding for the construction of a drain, under the act of 1867, which was *in fieri* on the taking effect of the act of 1875, must thereafter have conformed to the requirements of the latter act, where they conflict with those of the previous act.

SAME.—*Contract.—Remedy.— Vested Right.*—An assessment under the act of 1867 was not a contract, but a remedy, in which there was no vested right.

From the Clinton Circuit Court.

*J. N. Sims,* for appellant.

*H. Y. Morrison, T. H. Palmer, J. W. Morrison* and *J. U. Gorman,* for appellee.

BIDDLE, J.—These proceedings were commenced by the appellee, under the act of March 11th, 1867, 2 R. S. 1876, p. 684, to construct a drain through the lands of the appellant.

Under this act, the case has already been once appealed.
VOL. LXIV.—14

and decided by this court. *Bate* v. *Sheets,* 50 Ind. 329. It was brought to recover the amount of an assessment against the lands of the appellant.

Since the commencement of the proceedings, the whole subject has been re-enacted by the act of March 9th, 1875, 1 R. S. 1876, p. 428, which, by its terms, is " not to be so construed as to repeal any law of this State now in force to encourage the construction of levees, dikes and drains, and to enable the owners of wet lands to drain and reclaim the same, but such shall be in addition thereto."

Wherein the acts conflict, the latter of course must prevail, as being the last legislative expression upon the subject.

The case, as already reported, sufficiently states the proceedings. The judgment was reversed upon the insufficiency of the evidence, and remanded for a new trial, upon which the appellee again recovered against the appellant, who appeals the second time.

The principal questions now before us arise under the motion for a new trial, the causes assigned for which are :

1. That the decision of the court is not sustained by sufficient evidence ;

2. Is contrary to law ; and,

3. That the court improperly admitted evidence over the objections of the appellant.

The assignments of error here are, that the court erred in overruling the motion for a new trial, and in rendering a personal judgment against the appellant in favor of the appellee.

We will consider the questions presented, in the following order :

1. At the trial, after proving the loss of the original application, in writing, of the appellant, to construct the ditch, and proving the record book of the board of commission-

ers, the appellee offered to read, from the record containing it, a copy of the original application, in evidence. To this evidence the appellant objected,. "upon the ground that the same was not authenticated by the certificate of the auditor and seal of the commissioners' court; that the same was not officially authenticated by the parol testimony of the witnesses; and that the same and every part thereof was incompetent evidence under the issues in the case." The court overruled the objection and the appellant excepted. There is no error in this ruling. It is impossible for the transcript of a record to be higher evidence than the record itself. The identity of the book of records was properly proved by parol; indeed, we know of no other way by which it could be proved; and we think the evidence was competent under the issue.

2. As to the sufficiency of the evidence to sustain the decision of the court: We have read it carefully. It is necessary, by section 4 of the later act, above cited, that the evidence should prove, and the board of commissioners should find, that such proposed work is necessary and conducive to public health, convenience or welfare, or of public benefit or utility, before they can establish the same as specified by the report of the reviewers. *McKinsey* v. *Bowman*, 58 Ind. 88. We can not find any such evidence or such finding in the record. The evidence, therefore, is insufficient to sustain the decision of the court.

3. Did the court err in rendering a personal judgment in favor of the appellee and against the appellant?

The appellant contends that the judgment could only be *in rem*, against the land. Section 9 of the act of 1867, cited, is as follows:

" SEC. 9. When said work is completed according to specifications in the application, it shall be lawful for said applicant to demand of, and receive from the owners of said lands, or any one of them, the amount of benefits so

assessed against his said lands, and if the same shall not be paid within ten days after the demand, said applicant is hereby authorized to sue and collect the same in any court having jurisdiction to enforce liens on real estate: *Provided*, That if the owner of the land is a non-resident of the county, or if he is unknown to the applicant, no demand shall be necessary."

The subject-matter of this section is not re-enacted, or in any manner changed, by the act of 1875; it is therefore still in force.

We think this section contemplates a personal judgment, as well as a lien upon the land, which may be enforced against it *in rem*. Against a non-resident, or person unknown, upon whom no service or process has been had, and who has not appeared to the action, of course no personal judgment could be rendered. In such cases, it would be necessary to proceed *in rem*, against the land. We think the act authorizes the collection of assessments in both methods, or by either.

It follows, that the court did not err in the form of the judgment, if the evidence had supported the decision.

For the insufficiency of the evidence, the judgment is reversed, at the costs of the appellee.

PETITION FOR A REHEARING.

BIDDLE, J.—The appellee seems to think, that, because these proceedings were commenced under the act of March 11th, 1867, and the assessment of benefits made against the appellant before the act of March 9th, 1875, took effect, therefore he has a vested right to collect the assessment under the former act. We are of a different opinion.

There is no vested right in a remedy. The assessment is not a contract made by the agreement of the appellant. It is a right given to the appellee by statute, which, being against common right, must be construed strictly, and the

facts must prove his right according to the statute in force at the time he seeks his remedy, or he can not recover.

The trial was had in this case, in June, 1876, nearly one year after the act of March 9th, 1875, went into force, and it is very clear, that the facts proved at the trial do not authorize a recovery under the latter act, because they do not show that the drain is necessary and conducive to public health, convenience or welfare, or of public benefit or utility.

It was necessary that all proceedings commenced under the act of March 11th, 1867, and being *in fieri* at the time the act of March 9th, 1875, went into effect, should subsequently conform to the latter act in all respects wherein the two acts differed. This not being the case in the proceeding before us, the appellee was not entitled to recover. *Stephenson* v. *Doe*, 8 Blackf. 508; *Roush* v. *Morrison*, 47 Ind. 414; *The Board of Comm'rs, etc.*, v. *Ruckman*, 57 Ind. 96; *McKinsey* v. *Bowman*, 58 Ind. 88.

The petition for a rehearing is overruled.