## THE STATE v. CHRISTMAN.

LIQUOR LAW.—*Act of* 1875, *Section* 9.—*Violation of.*—*Applicable only to Licensed Dealers.*—Section 9 of the liquor law of March 17th, 1875, 1 R. S. 1876, p. 869, prohibiting the sale of intoxicating liquor on Sundays, holidays, election days and between the hours of 11 p. m. and 5 a. m., applied only to persons holding a license under such act.

SAME.—*Act of* 1877, *Sec.* 1, *repeals Sec.* 9, *supra*—Section 9, *supra*, was impliedly repealed by section 1 of the act of March 5th, 1877, Acts 1877, Reg. Sess., p. 92, on the same subject.

SAME.—*Primary Elections.*—*When Act took Effect.*—Said act of March 5th, 1877, prohibits the sale of intoxicating liquor on primary, as well as other, election days, and went into effect on July 2d, 1877.

From the Marion Criminal Circuit Court.

*T. W. Woollen,* Attorney General, and *J. B. Elam,* Prosecuting Attorney, *D. K. Partlow,* and *W. W. Spencer,* for the State.

*W. C. Lamb* and *J. C. Green,* for appellee.

Howk, J.—This prosecution against the appellee was commenced before a justice of the peace of Marion county, and was founded upon an affidavit filed with such justice, wherein it was charged, in substance, that, at the county of Marion and State of Indiana, after the hour of eleven o'clock P. M. of the 8th day of October, in the year 1879, and before five o'clock A. M. of the 9th day of October, in said year 1879, the same being between the hours of 11 P. M. and 5 A. M. of said days, Ferdinand Christman, late of said county, did then and there unlawfully sell and barter to him, Lewis K. Conger, intoxicating liquor in a less quantity than one quart at a time, to wit, two gills of lager beer, for and in consideration of the price of five (5) cents, contrary to the form of the statute, etc.

Before the justice, the appellee filed a written motion to quash the affidavit, " for the reason that the facts stated in said affidavit, on which this prosecution is based, are not sufficient to constitute, and do not constitute, any public offence or crime, under the laws of the State of Indiana." This motion was overruled by the justice, and, upon the appellee's plea of not guilty, he was tried, convicted and fined by the justice, and appealed therefrom to the court below.

In this latter court, the appellee renewed his motion to quash the affidavit, for substantially the same reasons as were stated in his motion before the justice. His motion was sustained by the court, and the affidavit was quashed, and to this decision the State, by its attorney, excepted, and reserved the question for the decision of this court.

The State, by its attorney, has here assigned, as error,

the decision of the court below in sustaining the appellee's motion to quash the affidavit. By this alleged error a single question is presented for our decision, which may be thus stated : At the time mentioned in the affidavit in this case, was there any law in force in this State, which, in express and precise terms, made it a misdemeanor or public offence for any person " to sell or barter any intoxicating, vinous or malt liquors," between the hours of eleven o'clock P. M. of one day and five o'clock A. M. of the next succeeding day ?

It is evident, we think, from the terms and tenor of the affidavit, the substance of which we have already given, that it was intended to charge the appellee therein with the misdemeanor which is defined, and its punishment prescribed, in section 9 of "An act to regulate and license the sale of spiritous, vinous and malt and other intoxicating liquors," etc., approved March 17th, 1875. This section reads as follows :

".SEC. 9. A license granted under the provisions of this act shall not authorize the person so licensed to sell or barter any intoxicating, vinous or malt liquors on Sunday, nor upon any legal holiday, nor upon the day of any State, county, township or municipal election in the township, town or city where the same may be holden, nor between the hours of 11 P. M. and 5 A. M., and upon conviction thereof he shall be deemed guilty of a misdemeanor, and be fined in any sum not less than ten, nor more than fifty dollars, and for a second conviction he shall forfeit his license, which shall be a part of the judgment of the court trying the same." 1 R. S. 1876, p. 871.

If it were conceded, that this section 9 of the statute was in force and not repealed by any later enactment, at the time of the alleged unlawful sale by the appellee to the prosecuting witness, as charged in his affidavit in this

case, it would seem to us that the court did not err in sustaining the motion to quash said affidavit. For, by its terms, this section of the statute was applicable only to such persons as had obtained a license, granted under the provisions of said act. For the purpose of showing that the appellee was liable to the punishment prescribed in said section 9, if the same had been in force, it would have been necessary that the affidavit should have charged, in addition to the matters stated therein, that the said Ferdinand Christman then and there had a license, granted under the provisions of said act. For the want of such a charge in the affidavit, in this case, if there were no other objection thereto, the affidavit would have been fatally defective, and the motion to quash the same would have been properly sustained.

It is claimed, however, by the appellee's counsel, that this section 9, above quoted, was repealed by the 1st section of "An act to prohibit the sale of spirituous, vinous, and malt, and other intoxicating liquors on Sunday," etc., approved March 5th, 1877. This act contained no emergency clause, and, therefore, it did not take effect and become a law until the 2d day of July, 1877. The 1st section of this act, omitting the enacting clause, reads as follows :

" That it shall be unlawful for any person to sell, barter, or give away, to be drank as a beverage, any spirituous, vinous, malt, or other intoxicating liquors on Sunday, the fourth day of July, the first day of January, and the twenty-fifth day of December, commonly called Christmas, and thanksgiving day, as designated by proclamation of the Governor of the State, or President of the United States, or upon the day of any State, county, township, primary or municipal election in the township, town, or city where the same may be holden, and upon conviction thereof, the person so offending shall be deemed guilty of a

misdemeanor, and be fined in any sum not less than ten, nor more than fifty dollars, to which may be added imprisonment in the county jail for any period not exceeding sixty days, in the discretion of the court or jury trying the same." Acts 1877, Reg. Sess., p. 92.

By comparing this 1st section of the act of March 5th, 1877, with the provisions of section 9, above set out, of the act of March 17th, 1875, it will be readily seen that each one of the provisions of said section 9, except the one in' relation to sales or barters "between the hours of 11 P. M. and 5 A. M.," is embraced in and covered by the provisions of the said 1st section of the latter act. Not only so, but such comparison will also show that this 1st section of the later law has added new offences to those defined in said section 9, that it is more certain and specific in its provisions and is made applicable to other days, in addition to the days mentioned in said section 9, and that it has changed and prescribed new penalties for the old and new offences, differing materially from the penalties provided in the older law. Thus, in said 1st section, it is made an offence to *give away*, as well as to sell or barter, intoxicating liquors on the days mentioned therein, and the law is made applicable to the days on which *primary*, as well as all other, elections may be held. This 1st section also prescribes a new and additional penalty to that specified in the older law, in this, that it provides that, upon conviction of the misdemeanor therein defined, in addition to the fine assessed, the person convicted shall be liable to "imprisonment in the county jail for any period not exceeding sixty days, in the discretion of the court or jury trying the same."

In the case of *Dowdell* v. *The State*, 58 Ind. 333, it was held by this court, that the 1st section of the act of March 5th, 1877, before cited, being the latest expression of the legislative will on the subject-matter thereof, repealed by

implication and entirely superseded the said section 9, above
quoted, of the aforesaid act of March 17th, 1875, on the same
subject-matter.   The case cited was decided, in part at
least, upon the authority of the case of *Norris* v. *Crocker*,
13 How. 429, in which case the following language was
used by the Supreme Court of the United States : "As a
general rule it is not open to controversy, that where a
new statute covers the whole subject-matter of an old one,
adds offences, and prescribes different penalties for those
enumerated in the old law, then the former statute is re-
pealed by implication ; as the provisions of both can not
stand together."   This general rule, as thus stated, was
quoted with approval by this court in the case of *The Pres-
ident, etc., of the Peru, etc., R. R. Co.* v. *Bradshaw,* 6 Ind. 146.

In the case of *Leard* v. *Leard,* 30 Ind. 171, it was held
by this court, that "An act covering the same subject-mat-
ter would repeal a former statute embraced within its pro-
visions."

In the case of *Longlois* v. *Longlois,* 48 Ind. 60, the rule
under consideration was again stated by this court, as fol-
lows : "And where a new law, whether it be in the form
of an amendment or otherwise, covers the whole subject-
matter of the former, and is inconsistent with it, and evi-
dently intended to supersede and take the place of it, it
repeals the old law by implication."   See also the case of
*Hayes* v. *The State,* 55 Ind. 99.

In the examination of the case now before us, we have
carefully reconsidered the question decided in the case of
*Dowdell* v. *The State, supra,* and our conclusion is, that the
latter case was correctly decided.   We are clearly of the
opinion that section 9, above quoted, of the act of March
17th, 1875, and each and all of its provisions, were repealed
by implication and entirely superseded by the 1st section,
as above set out, of the act of March 5th, 1877 ; and, there-

fore, it seems to us, that the court below did not err in quashing the affidavit in this case.

The appeal of the State, in this case, is not sustained, but the judgment is affirmed.