Deisner *v.* Simpson *et al.*

No. 7164.

Deisner *v.* Simpson et al.

Mortgage.—*Ditch Assessment.*—*Priority of Lien.*—*Estoppel.*—A. brought an action to foreclose a mortgage upon the land of C. B. filed a cross complaint, setting up a judgment, declaring a ditch assessment in his favor to be a lien upon the land, and asking that it be declared a superior lien to A.'s mortgage.

*Held*, in such a case, where the record shows that A.'s mortgage was duly recorded before the ditching proceedings were commenced, and long before B.'s judgment was rendered, declaring the assessment a lien on the land, A., not having been made a party to the suit in which the judgment was obtained, is not estopped from calling in question the validity and legality of the ditching proceedings and of said judgment.

Ditches and Drains.—*Petition.*—Under the act of March 11th, 1867, an application or petition for the construction of a ditch or drain must allege, and the allegation must be proved, that the proposed ditch or drain will be conducive to the public health, convenience or welfare, or that the same would be of public benefit or utility, to render the subsequent proceedings thereunder valid or legal.

Same.—*Statute Repealed.*—*Statute Construed.*—Wherever the provisions of the drainage act of March 9th, 1875, 1 R. S. 1876, p. 428, are in con-

flict with the act of March 11th, 1867, Acts 1867, p. 186, upon the same subject, its provisions will govern, and, in so far, must be construed as repealing, by implication, the conflicting provisions of the act of 1867.

From the Clinton Circuit Court.

*S. O. Bayless* and *A. E. Paige*, for appellant.
*H. Y. Morrison* and *J. W. Morrison*, for appellees.

HOWK, J.—In this action the appellant sued the appellee Josephine Simpson, upon a note and mortgage, executed by her to him, on the 14th day of November, 1872. The mortgage covered certain real estate, particularly described, in Clinton county, Indiana. The appellee David Ferrier was made a defendant to the action, for the reason, as alleged in the appellant's complaint, that he, the said Ferrier, claimed to have an interest in or lien upon the mortgaged real estate, by virtue of a ditch assessment thereon; which assessment had been recorded in the recorder's office of said county, on the 22d day of April, 1876; that said assessment was made, and the proceedings for the construction of said ditch were had, under and in accordance with the general ditching law of this State, approved March 11th, 1867; that the assessment of benefits, for the construction of said ditch, against the mortgaged real estate and in favor of the appellee Ferrier, was two hundred dollars; that said ditch had been completed, and an action was then pending in the court below, in favor of said Ferrier and against the said Josephine, to recover said assessment; that said assessment should be declared a lien on said real estate, subject to said mortgage, which should be declared to be the first lien on said real estate; wherefore, etc.

The appellee Josephine Simpson, by her attorney in fact, in due form of law, confessed judgment in favor of the appellant for the amount due on the note in suit and for the foreclosure of the mortgage on the real estate described therein.

The appellee David Ferrier answered by way of cross

complaint, setting out at length and in detail the proceedings had in the construction of the ditch, under the ditching law of March 11th, 1867, from their inception down to and including an assessment of benefits in his favor and against the mortgaged real estate, and a judgment of the Clinton Circuit Court in his favor, and against said Josephine Simpson, for the recovery of said assessment and declaring it to be a lien on said real estate; and the said Ferrier alleged that his said assessment and judgment were, and ought to be declared to be, a superior lien on said real estate to the lien of the appellant's mortgage thereon, and the said Ferrier demanded judgment accordingly.

The appellant's demurrer, for the alleged want of facts, to said Ferrier's cross complaint, was overruled by the court, and an exception was duly saved to this decision. No answer or reply was filed by the appellant to said cross complaint; but the cause was submitted to the court for trial upon the complaint and cross complaint, and the proofs adduced. Upon consideration whereof the court found, among other things, that the amount of the ditch assessment, set forth in said Ferrier's cross complaint, was a higher and superior lien on the mortgaged premises to the lien of the appellant's mortgage thereon, which latter lien ought to be, and was thereby declared to be, subject to the said lien of said Ferrier on said premises; and upon and in accordance with this finding, among others, the court rendered judgment.

The only error assigned by the appellant in this court is the decision of the circuit court in overruling his demurrer to said Ferrier's cross complaint.

It is manifest from the foregoing statement of this cause, that the only controversy therein is between the appellant and the appellee Ferrier, and, as between them, the principal question in issue is in regard to the priority of their respective claims and liens upon the mortgaged real estate. A point is made, however, by the appellant's counsel in argu-

Deisner v. Simpson et al.

ment, which seems to us to underlie the validity of the assessment in favor of the appellee Ferrier, and, of course, the validity of his lien upon the mortgaged real estate, as between him and the appellant, and which is fairly presented by the record and the error assigned thereon, for the decision of this court, although it is apparent that the attention of the trial court was probably not directed thereto. As. preliminary to the consideration of the point in question, it may be stated that the record fails to show that the appellant was a party to or had any notice of the ditching proceedings of said Ferrier, or of his suit against the said Josephine Simpson, for the recovery of the aforesaid assessment, and to· have the same declared a lien upon the mortgaged real estate, although the appellant's mortgage had been duly and legally recorded in the recorder's office of said Clinton county, long before the said ditching proceedings were commenced, and long before the said Ferrier had instituted his said suit or had obtained judgment therein against the said Josephine Simpson, for the purpose of having his ditching assessment declared to be a lien on said real estate, and enforcing such lien.

It seems to us, therefore, that the appellant was not bound nor concluded, in any manner or to any extent, by the said ditching proceedings of said Ferrier, or by his judgment against the said Josephine Simpson, to all of which it appeared that the appellant had been and was a stranger. As such, he was not estopped from calling in question the validity and legality of the ditching proceedings, and of the aforesaid judgment, which the said Ferrier, in his cross complaint, was seeking to enforce against him as a superior and prior lien to the lien of his mortgage on the real estate described therein. DeArmond v. Adams, 25 Ind. 455 ; Adkins v. Nicholson, 39 Ind. 535.

The ditching proceedings were commenced by Ferrier before the board of commissioners of said Clinton county, at

its 'March term, 1876. It was alleged in the cross complaint, that the proceedings were had under the ditching law of 1867, but, at the time they were commenced and had, the ditching act approved March 9th, 1875, was the law of this State on the subject-matter thereof. The titles of these two acts are almost identical, the only difference being that, in the title of the older law, no reference is made to the repair of ditches, and provision is made for the repeal of all inconsistent laws; while the title of the later act provides for the repair of drains, but is silent as to any repeal. It may well be doubted whether the later act did not entirely supersede and virtually repeal the older law. The later act certainly covers the whole subject-matter of the older law, and many of the provisions of the later statute are inconsistent with those of the older law. *Leard* v. *Leard*, 30 Ind. 171; *Longlois* v. *Longlois*, 48 Ind. 60; *Dowdell* v. *The State*, 58 Ind. 333; *The State* v. *Christman*, 67 Ind. 328.

Section 22 of the act of March 9th, 1875, however, reads as follows: "The provisions of this act shall not be so construed as to repeal any law of this State now in force to encourage the construction of levees, dikes and drains, and to enable the owners of wet lands to drain and redrain [reclaim?] the same, but such shall be in addition thereto." 1 R. S. 1876, p. 434. It is certain that it was intended, in and by this section of the statute, to preserve intact from any repeal by implication the provisions of the act of March 10th, 1873, to authorize and encourage the construction of levees, dikes, etc., and the reclamation of wet and overflowed lands by incorporated associations; and, possibly, it may have been intended to prevent a repeal by implication of any of the provisions of the act of March 11th, 1867. But whatever may have been the legislative intention in the enactment of said section 22 of the act of March 9th, 1875, it is clear that if, in any instance, the provisions of the later act are in conflict, and can not be reconciled, with those of

the older law, in every such instance the provisions of the act of March 9th, 1875, as the latest expression of the legislative will, must govern and control, and that far forth must be construed as a repeal, by implication, of the conflicting provisions of the older act of March 11th, 1867.

Section 1 of the act of March 9th, 1875, provides "That the board of commissioners of any county shall have power, at any regular or called session, when the same shall be conducive to the public health, convenience or welfare, or when the same will be of public benefit or utility, to cause to be constructed, as hereinafter provided, any ditch, drain or watercourse within said county." 1 R. S. 1876, p. 428.

Under the act of March 11th, 1867, by the letter of the law, any person interested, except a body corporate, might have a drain or ditch constructed, by an application to the board of commissioners of the proper county, without regard to any question of public interest, public welfare or public utility. In this respect it will be seen that the act of March 9th, 1875, made a radical change, at least in the language of the law, from what it had been in the older law. As we have already said, the ditching proceedings on which the appellee Ferrier relied in his cross complaint, were commenced by him at the March term, 1876, of the board of commissioners of Clinton county, long after the act of March 9th, 1875, had become in force ; and, although he claimed that the proceedings were had under the act of March 11th, 1867, it was absolutely necessary to their validity, that, in all essential particulars, they should have conformed to the requirements of the later act of March 9th, 1875. The proceedings in question were set out in, and constituted a material part of, said Ferrier's cross complaint, and it is manifest therefrom that they did not conform, and that it was not thought to be necessary that they should conform, to the provisions of the later statute. In his written application to the board of commissioners, at its

March term, 1876, the said Ferrier simply represented that he was the owner of certain lands in Clinton county, which were wet and marshy, and that he proposed to reclaim the same by draining, which could not be completed without affecting the lands of other persons, all of which lands were thereinafter described; and that, to reclaim his said lands, he proposed to construct a ditch or drain, which was particularly described.

From the beginning to the end of his written application or petition, the said Ferrier did not allege or claim that his proposed ditch or drain would be conducive to the public health, convenience or welfare, or that the same would be of public benefit or utility. Since the act of March 9th, 1875, took effect, and became a law, it has been repeatedly decided by this court that the application or petition for the construction of a ditch or drain, pursuant to the provisions of that act, or of the older law of March 11th, 1867, must allege, and the allegation must be sustained by evidence, that the proposed ditch or drain will "be conducive to the public health, convenience or welfare," or that "the same will be of public benefit or utility." *McKinsey* v. *Bowman*, 58 Ind. 88; *Tillman* v. *Kircher*, 64 Ind. 104; *Bate* v. *Sheets*, 64 Ind. 209; *Chambers* v. *Kyle*, 67 Ind. 206. In the absence of such an allegation from the petition or application, and of proof to sustain it, the power of the board of commissioners, to authorize the construction of a ditch or drain has been often questioned, and may well be doubted, even where the language of the statute would seem to confer such power. Thus, in *Anderson* v. *The Kerns Draining Co.*, 14 Ind. 199, this court said: "But the draining of a man's farm, simply to render it more valuable to the owner, would not be a work of public utility, in the constitutional sense of the term. * * * And forcible taxation to pay for the benefit would hardly be tolerated."

Again, in *Tillman* v. *Kircher*, *supra*, where it appeared,

as in the case at bar, that the proceedings were commenced after the act of March 9th, 1875, had taken effect, it was said by BIDDLE, J., speaking for the court: "The Legislature can not constitutionally enact any law authorizing one person to improve the lands of another, by draining or otherwise, and compel the person benefited to pay to the other person the assessment therefor, unless the public also is in some way benefited thereby, as that the improvement is necessary and conducive to the public health, convenience or welfare, or of public benefit or utility; and then it can be done only by due course of law."

We are of the opinion, therefore, that the ditching proceedings of the appellee Ferrier were illegal and invalid as against the appellant, and that the alleged lien of said Ferrier's assessment or judgment against the said Josephine Simpson, under the facts stated in his cross complaint, was not superior to and can not be enforced against the lien of the appellant's mortgage on the real estate described therein; and that the court clearly erred in overruling the appellant's demurrer to the said cross complaint.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to sustain the demurrer to the cross complaint, and for further proceedings in accordance with this opinion.