## JACOB DEISNER V. JOSEPHINE SIMPSON, ET AL.

1. *Res Adjudicata as to Ditching Assessment.*—This only is applicable to parties and privies, and so a mortgagor is not held estopped to deny the validity of ditching proceedings to which he was not a party, and under which a lien is claimed as superior to his mortgage lien.

2. *Ditching Laws—Construction.*—The later ditching acts, although not intended to repeal the former, yet must be regarded as by implication repealing the inconsistent provisions of the former act.

3. *When the Board of Commissioners may Act under the Later Law.*—Such Board has no power to order the construction of a drain or ditch, unless the work will be conducive to the public health, convenience or welfare, or will be of public benefit or utility, even when the statutory language would seem to confer such power.

Filed April 1, 1881.

Appeal from Clinton.

Opinion of the court by Mr. Chief Justice Howk.

In this action, the appellant sued the appellee, Josephine Simpson, upon a note and mortgage, executed by her to him, on the 14th day of November, 1872. The mortgage covered cer-

tain real estate, particularly described, in Clinton county, Indiana. The appellee, David Ferrier, was made defendant to the action, for the reason, as alleged in the appellant's complaint, that he, the said Ferrier, claimed to have an interest in or lien upon the mortgaged real estate, by virtue of a ditch assessment thereon; which assessment had been recorded, in the recorder's office of said county, on the 22d day of April, 1876; that said assessment was made, and the proceedings for the construction of said ditch were had, under and in accordance with the general ditching law of this State, approved March 11, 1867; that the assessment of benefits, for the construction of said ditch, against the mortgaged real estate and in favor of the appellee, Ferrier, was two hundred dollars; that said ditch had been completed, and an action was then pending in the court below, in favor of said Ferrier and against the said Josephine, to recover said assessment; that said assessment should be declared a lien on said real estate; wherefore, etc.

The appellee, Josephine Simpson, by her attorney in fact, in due form of law, confessed judgment in favor of the appellant for the amount due on the note in suit, and for the foreclosure of the mortgage on the real estate described therein.

The appellee, David Ferrier, answered by way of cross-complaint, setting out at length and in detail the proceedings had in the construction of the ditch, under the ditching law of March 11, 1867, from their inception down to, and including, an assessment of benefits in his favor and against the mortgaged real estate, and a judgment of the Clinton circuit court, in his favor and against said Josephine Simpson, for the recovery of said assessment and declaring it to be a lien on said real estate; and the said Ferrier alleged, that his said assessment and judgment were, and ought to be declared to be, a superior lien on said real estate to the lien of the appellant's mortgage thereon, and the said Ferrier demanded judgment accordingly.

The appellant's demurrer, for the alleged want of facts, to said Ferrier's cross-complaint, was overruled by the court, and an exception was duly saved to this decision. No answer or reply was filed by the appellant to said cross-complaint; but the cause was submitted to the court for trial upon the complaint

and cross-complaint, and the proofs adduced; upon considera-
tion whereof, the court found, among other things, that the
amount of the ditch assessment, set forth in said Ferrier's cross-
complaint, was a higher and superior lien on the mortgaged
premises, to the lien of the appellant's mortgage thereon, which
latter lien ought to be, and was thereby declared to be, subject
to the said lien of said Ferrier on said premises; and upon and
in accordance with this finding, among others, the court ren-
dered judgment.

The only error assigned by the appellant, in this court, is
the decision of the circuit court in overruling his demurrer to
said Ferrier's cross-complaint.

It is manifest, from the foregoing statement of this cause,
that the only controversy therein is between the appellant and
the appellee, Ferrier, and, as between them, the principal ques-
tion in issue is in regard to the priority of their respective claims
and liens upon the mortgaged real estate. A point is made,
however, by the appellant's counsel, in argument, which seems
to us to underlie the validity of the assessment in favor of the
appellee, Ferrier, and, of course, the validity of his lien upon the
mortgaged real estate, as between him and the appellant, and
which is fairly presented, by the record and the error assigned
thereon, for the decision of this court, although it is apparent
that the attention of the trial court was probably not directed
thereto. As preliminary to the consideration of the point in
question, it may be stated that the record fails to show, that the
appellant was a party to, or had any notice of the ditching pro-
ceedings of said Ferrier, or of his suit against the said Joseph-
ine Simpson for the recovery of the aforesaid assessment, and to
have the same declared a lien upon the mortgaged real estate;
although the appellant's mortgage had been duly and legally re-
corded, in the recorder's office of said Clinton county, long be-
fore the said ditching proceedings were commenced, and long
before the said Ferrier instituted his said suit or had obtained
judgment therein, against the said Josephine Simpson, for the
purpose of having his ditching asssessment declared to be a lien
on said real estate, and enforcing such lien.

It seems to us, therefore, that the appellant was not bound

nor concluded, in any manner or to any extent, by the said ditching proceedings of said Ferrier, or by his judgment against the said Josephine Simpson; to all of which it appeared that the appellant had been and was a stranger. As such, he was not estopped from calling in question the validity and legality of the ditching proceedings and of the aforesaid judgment, which the said Ferrier, in his cross-complaint, was seeking to enforce against him as a superior and prior lien to the lien of his mortgage, on the real estate described therein. *De Asmond* v. *Adams*, 25 Ind., 455; *Adkins* v. *Nicholson*, 39 Ind., 535.

The ditching proceedings were commenced by Ferrier before the board of commissioners of said Clinton county, at its March term, 1876. It was alleged in the cross-complaint that the proceedings were had under the ditching law of 1867, but, at the time they were commenced and had, the ditching act, approved March 9, 1875, was the law of this State on the subject-matter thereof. The titles of these two acts are almost identical, the only difference being that in the title of the older law no reference is made to the repair of ditches, and provision is made for the repeal of all inconsistent laws; while the title of the later act provides for the repair of drains, but is silent as to any repeal. It may well be doubted whether the later act did not entirely supersede and virtually repeal the older law. The later act certainly covers the whole subject-matter of the older law, and many of the provisions of the later statute are inconsistent with those of the older law. *Leard* v. *Leard*, 30 Ind., 171: *Longlois* v. *Longlois*, 48 Ind., 60; *Dowdell* v. *The State*, 58 Ind., 333; *The State* v. *Christman*, 67 Ind., 328.

Section 22 of the act of March 9, 1875, however, reads as follows :

"The provisions of this act shall not be so construed as to repeal any law of this State now in force to encourage the construction of levees, dikes and drains, and to enable the owners of wet lands to drain and redrain (reclaim?) the same, but such shall be in addition thereto." 1 R. S. 1876, p. 434.

It is certain that it was intended in and by this section of the statute to preserve intact from any repeal by implication the provisions of the act of March 10, 1873, to authorize and encour-

age the construction of levees, dikes, etc., and the reclamation of wet and overflowed land, by incorporated associations; and possibly it may have been intended to prevent a repeal by implication of any of the provisions of the act of March 11, 1867. But, whatever may have been the legislative intention in the enactment of said section 22 of the act of March 9, 1875, it is clear that if, in any instance, the provisions of the later act are in conflict, and cannot be reconciled, with those of the older law, in every such instance, the provisions of the act of March 9, 1875, as the latest expression of the legislative will, must govern and control, and, that far forth, must be construed as a repeal by implication of the conflicting provisions of the older act of March 11, 1867.

Section 1 of the act of March 9, 1875, provides "that the board of commissioners of any county shall have power, at any regular or called session, when the same shall be conducive to the public health, convenience or welfare, or when the same will be of public benefit or utility, to cause to be constructed, as hereinafter provided, any ditch, drain or water-course within said county." 1 R. S. 1876, p. 428.

Under the act of March 11, 1867, by the letter of the law, any person interested, except a body corporate, might have a drain or ditch constructed, by an application to the board of commissioners of the proper county, without regard to any question of public interest, public welfare or public utility. In this respect, it will be seen that the act of March 9, 1875, made a radical change, at least in the language of the law, from what it had been in the older law. As we have already said, the ditching proceedings, on which the appellee, Ferrier, relied in his cross-complaint, were commenced by him at the March term, 1876, of the board of commissioners of Clinton county, long after the act of March 9, 1875, had become in force; and, although he claimed that the proceedings were had under the act of March 11, 1867, it was absolutely necessary to their validity, that in all essential particulars, they should have conformed to the requirements of the later act of March 9, 1865. The proceedings in question were set out in, and constituted a material part of, said Ferrier's cross-complaint; and it is manifest therefrom that they did not

conform, and that it was not thought to be necessary that they should conform, to the provisions of the later statute. In his written application to the board of commissioners at its March term, 1876, the said Ferrier simply represented that he was the owner of certain lands in Clinton county, which were wet and marshy; and that he proposed to reclaim the same by draining; which could not be completed without affecting the lands of other persons, all of which lands were thereinafter described; and that, to reclaim his said lands, he proposed to construct a ditch or drain, which was particularly described.

From the beginning to the end of his written application or petition, the said Ferrier did not allege or claim that his proposed ditch or drain would be conducive to the public health, convenience or welfare, or that the same would be of public benefit or utility. Since the act of March 9, 1875, took effect and became a law, it has been repeatedly decided by this court that the application or petition for the construction of a ditch or drain, pursuant to the provisions either of that act or of the older law of March 11, 1867, must allege and the allegation must be sustained by evidence, that the proposed ditch or drain will "be conducive to the public health, convenience or welfare," or that "the same will be of public benefit or utility." *McKinsey* v. *Bowman*, 58 Ind., 88; *Tillman* v. *Kircher*, 64 Ind., 104; *Bate* v. *Sheets*, 64 Ind., 209; *Chambers* v. *Kyle*, 67 Ind., 206. In the absence of such an allegation from the petition or application, and of proof to sustain it, the power of the board of commissioners, to authorize the construction of a ditch or drain, has been often questioned and may well be doubted, even where the language of the statute would seem to confer such power. Thus, in *Anderson* v. *The Kerns Ditching Co.*, 14 Ind., 199, this court said: "But the draining of a man's farm, simply to render it more valuable to the owner, would not be a work of public utility, in the constitutional sanse of the term * * * and forcible taxation to pay for the benefit would hardly be tolerated."

Again, in *Tillman* v. *Kircher, supra*, where it appeared, as in the case at bar, that the proceedings were commenced after the act of March 9, 1875, had taken effect, it was said by Biddle, J., speaking for the court, "The Legislature cannot constitutionally

enact any law authorizing one person to improve the lands of another, by draining or otherwise, and compel the person benefitted to pay to the other person the assessment therefor, unless the public also is in some way benefitted thereby, as that the improvement is necessary and conducive to the public health, convenience or welfare, or of public utility; and then it can be done only by due course of law."

We are of the opinion, therefore, that the ditching proceedings of the appellee, Ferrier, were illegal and invalid as against the appellant, and that the alleged lien of said Ferrier's assessment or judgment against the said Josephine Simpson, under the facts stated in his cross-complaint, was not superior to and cannot be enforced against the lien of the appellant's mortgage on the real estate described therein; and that the court clearly erred in overruling the appellant's demurrer to the said cross-complaint.

The judgment is reversed, at the appellee's costs, and the cause is remanded with instructions to sustain the demurrer to the cross-complaint, and for further proceedings in accordance with this opinion.