No. 10,419.

WAGONER *v.* THE STATE.

STATUTORY CONSTRUCTION.—*Repeal by Implication.*—*Criminal Law.*—Where a new law covers the whole subject-matter of the former statute, and is intended to supersede it and take its place, the new law repeals by implication the former statute, and, therefore, section 27 of the felony act of June 10th, 1852, was repealed by implication by section 2204, R. S. 1881.

CRIMINAL LAW. — *False Token or Writing.* — *Question of Fact.*— *Motion to Quash.*—The question as to whether the alleged false token or writing, copied in the indictment, is or is not of such a character that a person of ordinary caution would give it credit, is a question of fact and not of law, and is not presented by a motion to quash the indictment.

SAME.— *Sufficiency of Indictment.*—An indictment for obtaining goods by means of a false token or writing, which fails to allege that the token or writing was delivered by the defendant, and received by the prosecuting witness, in exchange or payment for the goods, is bad, and the motion to quash it ought to be sustained.

From the Wabash Circuit Court.

*A. Hess,* for appellant.

*F. T. Hord,* Attorney General, *M. Good,* Prosecuting Attorney, and *W. B. Hord,* for the State.

HOWK, J.—In this case the appellant was indicted, tried, found guilty and sentenced to the State's prison for a term

of years, for obtaining money on false pretences. From the judgment of conviction he has appealed to this court, and has here assigned a single error, namely : That the trial court erred in overruling his motion to quash the indictment.

The indictment charged, in substance, "that Jacob Wagoner, on the 17th day of January, 1882, at the county of Wabash and State of Indiana, did then and there unlawfully, feloniously, designedly and with intent to cheat and defraud George Lynn and Nicholas Morrison, represent and pretend to said Morrison that a certain written order and token, for the payment of money, which is in these words and figures, as follows :

" $5.50.　　　　　　　　　ANTIOCH, January 17th, '82.

" Mr. George Lynn : Pay to the order of Fred Miller the sum of five dollars and fifty cents.

(Signed) " JOHN BECHTEL."

Which the said Jacob Wagoner then had in his possession, was good and genuine, and of the value of $5.50, and was then the property of him, the said Wagoner, by means of which said false token and pretence the said Jacob Wagoner did then and there obtain of and from the said Morrison certain personal property of great value, to wit : Fifty-eight yards of calico, then and there of the value of $3, six yards of muslin, of the value of $1.50, and five pounds of cotton, of the value of $1, all of the aggregate value of $5.50 ; all of said goods being then and there the personal goods and chattels of the said George Lynn and Nicholas Morrison, which said goods and personal property aforesaid were then and there delivered to said Wagoner by said Morrison ; he, said Morrison, at the time he so gave and delivered said goods to said Wagoner, did then and there wholly rely upon and believe said order to be good and genuine, and of the value of $5.50, as represented by said Wagoner, and, thus relying on the genuineness and validity of said order, then and there delivered said goods to said Wagoner, as aforesaid. Whereas, in truth and in fact, the said written order and

token was not good and genuine, and of the value of $5.50, but forged, counterfeit and wholly worthless, and of no value whatever, as the said Wagoner then and there well knew."

The felony intended to be charged in the foregoing indictment is defined, and its punishment prescribed, in section 2204, R. S. 1881. In so far as applicable to the case at bar this section provides as follows:

"Whoever, with intent to defraud another, designedly, by color of any false token or writing; * * * obtains from any person any * * * thing of value; * * * shall be imprisoned in the State prison not more than seven years nor less than two years, and fined in any sum not more than one thousand dollars nor less than ten dollars."

Manifestly, we think, this section of the statute was intended to be, and must be regarded as, a complete revision of the law in relation to the felony of obtaining money or property of value, by color of any false token or writing, or any false pretense. By comparing section 2204, *supra*, with section 27 of the felony act of June 10th, 1852, which continued in force until September 19th, 1881, and until the taking effect of section 2204, it will be observed at once that the words, "*or any false pretence*," in section 27 of the former law, were omitted from and did not appear in the revised section 2204. In *Shaffer* v. *State*, 82 Ind. 221, the omission of the words, "or any false pretence," in the revised section, was noticed by the court, but it was not found necessary, in that case, to consider or decide the question there suggested as to the effect of such omission. In this case, however, the question is so presented that it must be decided; for it is claimed on behalf of the State that the words, "or any false pretence," although omitted from the revised section 2204, were not thereby repealed.

We are of the opinion that this position can not be sustained. In *Longlois* v. *Longlois*, 48 Ind. 60, this court held that where a new law, either in the form of an amendment or otherwise, covers the whole subject-matter of the former stat-

ute, and is inconsistent with it, and evidently intended to supersede it and take its place, it repeals the old law by implication. The general rule is that where a new statute covers the whole subject-matter of an old one, adds new offences and prescribes different penalties for those enumerated in the old law, then the former statute is repealed by implication. *Norris* v. *Crocker*, 13 How. (U. S.) 429; *President, etc.*, v. *Bradshaw*, 6 Ind. 146; *Leard* v. *Leard*, 30 Ind. 171; *Dowdell* v. *State*, 58 Ind. 333; *State* v. *Christman*, 67 Ind. 328. It seems clear to us that, under the rule here declared and often recognized in the decisions of this court, section 27 of the felony act of June 10th, 1852, was repealed by implication by the revised section 2204, *supra*.

In this connection, we may properly remark, that by an act approved March 6th, 1883, section 2204, *supra*, is now so amended that it contains the omitted words "or any false pretence," at their proper place in such section.

The appellant's counsel says, in argument: "I claim that, to make a case under the present statute, it must be by color of a false token or writing alone, unaided by any verbal false pretence or representation; that the false token or writing must be of such a character that a person of ordinary caution would give it credit, without relying upon any verbal representations or false pretences whatever." We do not think that the words "by color of any false token or writing," as used in the statute, should receive any such rigid, literal, or limited interpretation. Fairly construed, we think that the statutory phrase means, by making a false token or writing to appear different from what it is, or by representing such false token or writing to be true and genuine. It is claimed that the token or writing copied in the indictment was not of such a character that a person of ordinary caution would give it credit. Whether or not the token or writing was of such a character can not be regarded as a question of law. It was purely a question of fact, which might, very properly,

we think, have been submitted to the determination of the jury. *Miller* v. *State*, 79 Ind. 198.

Appellant's counsel further says: "It is not shown in the indictment that the order was delivered to Lynn and Morrison, or that it was received by them in exchange for, or in payment of, the goods." This objection to the indictment seems to be well taken, is supported by authority and must be sustained. In *Johnson* v. *State*, 11 Ind. 481, it was said: "The indictment is bad. The pretence alleged is, that Johnson presented and offered to one William H. Nicholson some of Hamer's checks, calling for, in the aggregate, $17, and represented to him that they were good, and of nearly par value, when they were not good and of such value, etc., and by means of such pretence obtained a set of harness, etc. It is nowhere averred that the checks were delivered to Nicholson, or that they were received by him in payment for the harness. It seems to us that, in a case like the present, there should have been such an averment." The case cited was approved in *State* v. *Orvis*, 13 Ind. 569, and in *Jones* v. *State*, 50 Ind. 473.

It must be held, therefore, in the case now before us, that the court erred in overruling the motion to quash the indictment.

The judgment is reversed and cause remanded, with instructions to quash the indictment, etc. The clerk will issue notice for the return of the appellant to the sheriff of Wabash county.