## No. 8169.

THE CAIRO AND VINCENNES RAILROAD COMPANY *v.* HOURY.

SURFACE-WATER.—*Damage.*— *Obstruction of Watercourse.*— Upon the boundaries of his own land, not interfering with any natural or prescriptive watercourse, the owner may erect such barriers as he deems necessary to keep off surface-water, or overflowing floods, coming from or across adjacent lands; and for any consequent repulsion, turning aside or heaping up of these waters, to the injury of other lands, he will not be responsible.

PRACTICE.—*Answers to Interrogatories.*—*Pleading.*—Where the answers to interrogatories show that the damages, except one cent, were assessed upon the first and second paragraphs of the complaint, the case must be decided with reference to those paragraphs alone.

From the Knox Circuit Court.

*W. H. De Wolf*, *S. N. Chambers* and *S. P. Wheeler*, for appellant.

*H. S. Cauthorn* and *J. M. Boyle*, for appellee.

WOODS, J.—Complaint in three paragraphs, by the appellee against the appellant; answer in general denial to the whole complaint, and to the third paragraph a special plea, setting up a license from the plaintiff to the defendant to do the things alleged in that paragraph. Trial, verdict and judgment for the plaintiff.

The appellant has assigned error upon the overruling of his motion for a new trial.

The first and second paragraphs of the complaint are, in all essential respects, the same as the complaint in the case of *The Cairo, etc., R. R. Co.* v. *Stevens*, 73 Ind. 278. The

The Cairo and Vincennes Railroad Company *v.* Houry.

third paragraph alleges a trespass by the appellant upon the land of the appellee, and, in support of this, proof was made that the appellant, after its track had been washed away by the flood of 1875, had built, and maintained for a few weeks, a temporary track upon the lands of the appellee. By answers to interrogatories, it is shown, that the jury assessed the damages for this trespass at one cent, and that the remainder of the damages assessed, to wit, $230, was allowed upon the first and second paragraphs of the complaint.

In the case of *The Cairo, etc., R. R. Co.* v. *Stevens, supra,* the general rule was declared, that, upon the boundaries of his own land, not interfering with any natural or prescriptive watercourse, the owner may erect such barriers as he deems necessary to keep off surface-water, or overflowing floods, coming from or across adjacent lands ; and, for any consequent repulsion, turning aside or heaping up of these waters, to the injury of other lands, he will not be responsible ; but such waters as fall in rain and snow upon his land, or come thereon by surface drainage from or over contiguous lands, he must keep within his boundaries, or permit them to flow off without artificial interference, unless, within the limits of his land, he can turn them into a natural watercourse. This is in accordance with the general principle, that such waters are a common enemy, which each proprietor may fight off as he will ; but once on his land, they become, in a qualified sense, his property, and the maxim applies : "*Sic utere tuo ut alienum non lædas.*"

In that case, the question arose upon the demurrer to the complaint, and it was held that the complaint did not show an actionable injury. Here the question arises upon a motion for a new trial, for the alleged reasons that the verdict is contrary to the law and the evidence, and that the damages assessed are excessive. The motion should have been sustained.

The judgment is reversed, with costs.