## AYRES *v.* LAUGHLIN ET AL.

DITCHES AND DRAINS.—*Act of March 11th,* 1867.—*Action for Obstructing Ditch.*—*Measure of Damages.*—Any person obstructing a ditch constructed under the provisions of the drainage act of March 11th, 1867, Acts 1867, p. 186, was liable to any person injured by such obstruction, not merely in compensatory damages, but for damages in the sum of one dollar for each day such obstruction remained.

SAME.—*Instruction.*—*Proper Use of Adjacent Lands.*—Where such ditch ran through pasture fields belonging to the defendant, it was proper to instruct the jury that the defendant was not liable for damages resulting from an obstruction caused by the natural washing in of the banks of the ditch, to which the plaintiff contributed only by using and pasturing the adjacent land in a proper manner.

QUERY.—Can such action be maintained since the enactment of the drainage act of March 9th, 1875, 1 R. S. 1876, p. 428 ?

From the Rush Circuit Court.

*J. L. Ferguson, B. F. Davis* and *R. A. Black,* for appellant.

*B. L. Smith* and *J. D. Megee,* for appellees.

WORDEN, J.—This was an action by the appellant, against the appellees, for obstructing a ditch constructed under the act of March 11th, 1867, thereby damming up the water of the ditch so that it overflowed and injured the plaintiff's land. The action was commenced before a justice of the peace, where it was tried, but taken by appeal to the circuit court.

In the latter court the cause was tried by a jury, who returned a verdict for the plaintiff for the sum of one dollar. The plaintiff moved for a new trial, and his motion was overruled, and judgment was rendered on the verdict.

On the trial the court of its own motion gave to the jury the following charge, to which the plaintiff excepted:

"10. If the jury find from the evidence, that the defendants obstructed the ditch mentioned in the complaint, and such obstruction caused the lands of the plaintiff to overflow with water and damaged his crops, then he would be entitled to recover in this action whatever damages he has proved he has sustained by reason of such obstruction. The damages must be compensatory merely, to make the plaintiff whole for such damages as he has actually sustained."

The court also gave, on motion of the defendants, the following charge, to which the plaintiff excepted.

"2d. If the jurors believe from the evidence, that the ditch, where the obstructions complained of in the complaint" [were], " was filled by the natural washing in of the adjacent banks, and" [the defendants] " contributed thereto only by the using and pasturing defendants' adjacent lands in a proper and ordinarily careful and pru-

dent manner, and was in no other way obstructed by the defendants, you should find for the defendants."

The plaintiff asked, and the court refused, the following charge, to which refusal the plaintiff excepted:

" If the jury believe from the evidence, that the ditch in question was constructed through the land of the plaintiff and defendants, under the provisions of the act of March 11th, 1867, and that the defendants obstructed the same on their land, to the injury of the plaintiff, then the plaintiff would be entitled to recover of the defendants at the rate of one dollar for each day the ditch continued to be obstructed by the defendants."

The complaint, we think, was based on the act of March 11th, 1867, entitled " An act to enable the owners of wet lands to drain and reclaim them," etc. 3 Ind. Stat., p. 228. It alleges that the ditch was constructed under the provisions of that act, and alleges the obstruction thereof by the defendants. It alleges, that " the defendants have, ever since the 1st day of March, 1873, up to the present time, continued and kept said ditch obstructed," etc.

The 13th section of that act provides, that " Any person who shall obstruct any drain or ditch constructed under the provisions of this act, shall be liable to the person injured thereby, or to the person opening such ditch, in the sum of one dollar for each day such obstruction shall remain in such drain, to be recovered in an action brought before a justice of the peace in the name of the person thus entitled to said damage."

It seems to us to be very clear, that, when an action is brought under the provisions of the section above quoted, as in this case, the measure of damages is not compensation for the injury sustained, but a dollar a day for each day the obstruction shall have remained, whether that be more or less than the injury sustained. The Legislature has provided just what may be recovered in such action,

and the rule thus furnished must be the guide of courts and juries. We are therefore of the opinion, that the court erred in giving the charge given of its own motion, and in refusing to give the one asked for by the plaintiff.

The charge marked number 2, given on motion of the defendants, was, in our opinion, entirely right.    . . .

The defendants could not be responsible for the natural washing in of the banks of the ditch; and we think that the statute should not be so construed as to make the owner of lands through which a ditch runs responsible for such obstructions as arise from the use and pasturage of such land, it being used and pastured in an ordinarily careful and prudent manner. Such construction would subvert the purposes for which drains and ditches are constructed, by preventing the ordinary use of lands drained thereby.

The judgment below will have to be reversed for the error in giving and refusing the instructions above noticed as the measure of damages.

We may remark, before closing the opinion, that the case is decided upon the law as it stood at the time of the trial of the cause below, which was at the March term of the court, 1874.

It is said by the compiler of the Revised Statutes of 1876, in a note to "An act to enable the owners of wet lands to drain and reclaim them," etc., approved March 9th, 1875, 1 R. S. 1876, p. 428, that that act supersedes the act of March 11th, 1867. This is a matter which we have not considered, as it does not arise in the case. But, if the act on which the action is based is superseded by another act, it perhaps may be regarded as repealed by it. _Longlois_ v. _Longlois_, 48 Ind. 60. And, if repealed, it may be questionable whether the action can be further successfully prosecuted. _The Board of Commissioners of St. Joseph County_ v. _Ruckman_, 57 Ind. 96.

The judgment below is reversed, with costs.