## CHAMBERS *v.* KYLE.

DITCHES AND DRAINS.—*Obstruction of.*—*Sec.* 13, *Act of* 1867, *repealed by Sec.* 20, *Act of* 1875.—*Complaint for Damages.*—Section 13 of the drainage act of March 11th, 1867, prescribing a penalty for the obstruction of any ditch or drain constructed under the provisions of that act, is repealed and superseded by section 20 of the drainage act of March 9th, 1875, 1 R. S. 1876, p. 428 ; and therefore a complaint based on the former section is insufficient.

SAME.—*Negligence.*—*Wilful Act.*—*Common Law.*—A complaint alleged that the defendant had "unlawfully, negligently and wilfully obstructed a ditch running across and draining the lands" of the plaintiff and defendant, by permitting his "hogs to wallow in and fill up and obstruct the ditch," and by failing and refusing to clean the same out, thus throwing the water back upon the plaintiff's land and obstructing said ditch thereon. *Held*, on demurrer, that the complaint is sufficient, even at common law.

SAME.—*Defence.*—*Order to construct Ditch Final and can not be attacked Collaterally.*—*Jurisdiction.*—An order of a board of commissioners establishing a ditch is a final proceeding by a court of competent jurisdiction, and irregularity in such proceedings. to which the defendant in an action for obstructing such ditch was a party, is no defence to such action.

SAME.—*Constitutional Law.*—*Eminent Domain.*—The drainage acts of March 11th, 1867, and March 9th, 1875, should be construed together; and, as the latter authorizes the taking of private property for public use only, the former act is not, as now construed, unconstitutional on that point.

From the Bartholomew Circuit Court.

*N. R. Keyes* and *S. W. Smith*, for appellant.

*S. Stansifer*, for appellee.

BIDDLE, J.—The first paragraph of the complaint for obstructing a ditch is based on section 13 of the act of

March 11th, 1867. The view we take of the case, as will appear in this opinion, renders a statement of this paragraph unnecessary.

The second paragraph of complaint is as follows:

"And, for second paragraph of complaint, plaintiff says that defendant, on or about the 15th day of September, 1874, unlawfully, negligently and wilfully obstructed a ditch running across and draining the land of defendant, in said county, by unlawfully and negligently feeding and fattening a large number of hogs, to wit, one hundred hogs, in the field owned by defendant, through which said ditch runs, and permitted said hogs to wallow in and fill up and obstruct said ditch, and failed and refused to clean out the same, and on the —— day of ————, 187–, wrongfully and unlawfully threw and caused to be thrown into said ditch a large number of rails and timber, and failed and refused to remove the same therefrom; that, in consequence of said obstructions, plaintiff was compelled to and did lay out and expend a large sum of money, to wit, $50.00, in removing the same; that by said ditch being filled up on the defendant's land, which was below that of plaintiff, the water was caused to back upon plaintiff's land; that that portion of the ditch on plaintiff's land was tiled, and in consequence of said obstructions the water was forced back and the mud obstructed said ditch; all to plaintiff's damage $199.00, for which he prays judgment and other relief."

A separate demurrer was filed to the first paragraph of complaint, alleging the insufficiency of the facts stated therein to constitute a cause of action, and sustained; also a separate demurrer, alleging the same ground, was filed to the second paragraph of the complaint and overruled. Exceptions were reserved on both rulings.

The answer to the second cause of action is as follows:

That the obstructions complained of were on lands

owned and occupied by defendant, and said ditch was then and is still an artificial ditch, constructed by plaintiff over and upon said land of plaintiff without right, but under pretence of right to do so as follows and not otherwise: On the 16th day of June, 1869, the plaintiff filed with the board of county commissioners of said county, under and in pursuance of an act of the Legislature of the State, entitled "An act to enable owners of wet lands to drain and reclaim them, where the same can not be done without affecting the lands of others," etc., approved March 11th, 1869, filed his petition in said court which reads as follows: (Here the petition is set forth in full.) Upon filing the petition, it was examined and heard, and the board of commissioners made an order appointing appraisers to assess the benefits and damages incident to the construction of the ditch. On the 14th day of August, 1869, the appellee was duly served with notice that the appraisers would proceed, on the 27th of August, 1869, to appraise and assess the benefits and damages accruing to the lands affected by the contemplated ditch. The appraisers met accordingly, and returned their assessment in due form, under which proceedings the drain was constructed.

A demurrer to this paragraph, alleging the insufficiency of the facts stated to constitute an answer, was overruled, and exception reserved. The parties stood by their pleadings, and the court rendered judgment for the appellee.

The first paragraph of the complaint is based on the 13th section of the act of March 11th, 1867, 3 Ind. Stat. 228; and the question arises whether that section is still in force, or whether it is repealed by section 20 of the act of March 9th, 1875, 1 R. S. p. 1876, p. 428. The former one provides that "Any person who shall obstruct any drain or ditch constructed under the provisions of this act, shall be liable to the person injured thereby, or to the person

opening such ditch, in the sum of one dollar for each day such obstruction shall remain in such drain, to be recovered in an action brought before a justice of the peace in the name of the person thus entitled to said damage." The latter section provides, that "If any person shall wilfully obstruct any ditch, or shall wilfully divert the water from its proper channel, [he] shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not less than five, nor more than fifty dollars, and shall also be liable for any and all damages accruing to any person or persons by such act." Each of these sections embraces the same subject-matter, namely, the obstruction of ditches or drains established by law under the acts mentioned. The latter act does not expressly repeal the former act, but is "in addition thereto"; and the rule in such case is that where the later law, either in form of an amendment or a new act, covers the whole subject-matter of the former act, and is inconsistent with it, it repeals the former by implication. *Longlois* v. *Longlois*, 43 Ind. 60. And we think these two sections fall within this rule. We must hold, therefore, that the former section is no longer in force. *Dowdell* v. *The State*, 58 Ind. 333.

As the section upon which the first paragraph of the complaint is based is no longer in force, the demurrer to it was properly sustained.

The appellee raises the question of sufficiency as to the second paragraph of the complaint, by the assignment of a cross error; but that paragraph is so plainly good at common law, and also under the statute, that we think the court was right in overruling the demurrer to its sufficiency to constitute a cause of action.

The appellant thinks the proceedings set up in his answer to the second paragraph of the complaint, under which the ditch was constructed, show on their face that they are void for irregularity, and therefore that the ditch

has no lawful existence. We have arrived at a different conclusion. It was a final proceeding, in a competent court having jurisdiction over the subject-matter and over the parties to the record. Such proceedings can not be attacked collaterally, though they might have been reversed on appeal. If the appellee was injured by the proceedings, to which he was a party, and of which he had notice, he should have appealed therefrom; not having done so, and the proceedings not being void, he is bound by the judgment. We do not pause to cite authorities in support of a principle so well settled.

But, if the proceedings to establish the ditch are held sufficiently regular to maintain it, then the appellee insists that the act of March 11th, 1867, is unconstitutional and void, and therefore the ditch which was established under it can not be legally maintained. If this was an open question, it would deserve the most careful and serious consideration; but numerous ditches have been established and are now maintained under it, and its constitutionality has been thus so frequently recognized that we are bound by the precedents. The objection to the act is, that it delegates the power of *eminent domain* to one citizen, to be exercised over another citizen, for a private advantage, without declaring, upon its face, that the work to be accomplished shall be in some way of public utility; but it has uniformly been held that a ditch can not be established under it without proof made that it is of public utility, and in this way the act has been upheld; and in cases not on appeal, and where the evidence is not in the record, it must be held that such proof was made—the presumption running with the record when it is not contradicted upon its face. Now, since the act of March 11th, 1867, and the act of March 9th, 1875, must be construed together, and seeing that the later act declares that such proposed work must be necessary and conducive to public

health, convenience or welfare, or of public benefit or utility—the omission in the former act having thus been supplied—it is too late to hold it to be unconstitutional, even though such a decision might be wise if the act stood alone, and the question was still open. The following decisions are against the views of the appellee, and they must not be overruled. *Anderson* v. *The Kerns Draining Co.*, 14 Ind. 199 ; *Herod* v. *Rodman*, 16 Ind. 214; *Bate* v. *Sheets*, 50 Ind. 329 ; *McKinsey* v. *Bowman*, 58 Ind. 88; *Gossett* v. *Tolen*, 61 Ind. 388; *Seits* v. *Sinel*, 62 Ind. 253 ; *Ayres* v. *Laughlin*, 62 Ind. 327 ; *Beck* v. *Tolen*, 62 Ind. 469.

The judgment is reversed, and the cause remanded with directions to sustain the demurrer to the answer of the appellee to the second paragraph of complaint, and for further proceedings.