No. 9219.

## POWELL v. CLELLAND.

DRAINAGE.—*Estoppel.— Collateral Attack.*—Where a drain is established pursuant to the act of 1867, Acts 1867, p. 186, a party to the proceedings, having notice and being assessed for the construction thereof, can not maintain a suit for injury to his land thereby, or by reason of its construction thereon. He is bound by the proceedings before the county commissioners, unless appealed from, and can not attack them collaterally.

From the Howard Circuit Court.

*J. F. Elliott* and *L. J. Kirkpatrick*, for appellant.

*J. O'Brien* and *M. Garrigus*, for appellee.

BICKNELL, C. C.—The first paragraph of the appellant's complaint charged that the appellee unlawfully entered upon plaintiff's land, and there dug a ditch.

The second paragraph charged that the plaintiff had an open ditch, into which he drained his land by tiles, and that defendant wrongfully dug another ditch, opening into the plaintiff's ditch, and thereby overflowed plaintiff's land.

The answer alleged that the defendant filed, pursuant to sections 1 and 2 of the act of March 11th, 1867, his petition before the proper county board, for the establishment of a ditch, which is the same ditch mentioned in both paragraphs of the complaint.

That the county board took jurisdiction of the petition, and determined that said ditch was of public benefit and utility,

and would promote the public health, and that they established said ditch, and appointed appraisers to assess benefits and damages as required by said act.

That the plaintiff was a resident of said county, and was personally served with notice of the time and place of meeting of said appraisers for the purpose of such assessment, which notice contained a description of the proposed work, and the beginning and ending, and general course thereof, and the names of the owners of the lands through which the ditch would pass, and which would be affected thereby.

That due service of said notice was proved by affidavit, and the proof filed with the county auditor.

That said appraisers met at the time and place named in said notice, to wit, at the point of beginning of said work, and made such assessment, and filed the same, duly sworn to, in the recorder's office of said county, and the same was there duly recorded.

That no lands were damaged by said ditch, but plaintiff's land was benefited thereby in the sum of fifteen dollars, which was assessed by said appraisers, but was never paid by the plaintiff.

That said ditch was made according to the specifications of said petition, and was completed before the commencement of this suit, under the authority of the said county board, and no other ditch was ever made by defendant on plaintiff's land.

That plaintiff had due notice of said petition, and has not appealed from the proceedings thereon, nor contested them in any way, but stood by while said work was done on his land, and made no objection thereto.

That said ditch is not deeper than is necessary to drain defendant's land to the depth of six feet at the lowest point, and the fall therein is not more than at the average rate of twelve feet per mile upon each owner's land.

A demurrer to this answer was overruled; judgment was rendered upon the demurrer in favor of the defendant. The plaintiff appealed. The only error assigned is, overruling said demurrer.

The appellant claims that the proceedings set forth in the answer are void for irregularity; that they are not in accordance with the provisions of the act of March 9th, 1875, 1 R. S. 1876, p. 428. It is true, they are not; they show proceedings under the act of March 11th, 1867, Acts 1867, p. 186, which, the appellant claims, has been repealed by implication by the act of 1875.

The act of 1867 was not repealed by the act of 1875; section 22 of the latter act provides that said act of 1875 shall not "repeal any law of this State now in force to encourage the construction of levees, dikes and drains, and to enable the owners of wet lands to drain and reclaim the same, but such shall be in addition thereto."

This court has held that section 20 of the act of 1875 repeals by implication section 13 of the act of 1867, and that these two acts must be construed together, and that, so construed, the act of 1867 is constitutional. *Chambers* v. *Kyle*, 67 Ind. 206.

In the case of *Deisner* v. *Simpson*, 72 Ind. 435, it was held that in all cases where the provisions of the two acts are in conflict and can not be reconciled, the act of 1875, being the later law, must govern, and that a proceeding under the act of 1867 must so far conform to the act of 1875, as to show that the proposed ditch will be conducive to the public health, convenience or welfare, or will be of public benefit or utility. The answer in controversy shows proceedings in accordance with the act of 1867, and also shows that the proposed ditch would be of public utility and would promote the public health, and that the county board so determined and established the ditch, which was made according to the order of said county board. Therefore, the following language of this court in *Chambers* v. *Kyle*, *supra*, is exactly in point in this case: " It was a final proceeding, in a competent court having jurisdiction over the subject-matter and over the parties to the record. Such proceedings can not be attacked collaterally, though they might have been reversed on appeal.

If the appellee was injured by the proceedings, to which he was a party, and of which he had notice, he should have appealed therefrom; not having done so, and the proceedings not being void, he is bound by the judgment." See also *Muncey* v. *Joest*, 74 Ind. 409.

The proviso in section 10 of the act of 1875 gives a general right of appeal from orders of a county board made under any section of that drainage law. *Houk* v. *Barthold*, 73 Ind. 21. The answer under consideration avers that the county board established the ditch; an order establishing a ditch is a decision from which the aggrieved party may appeal. 1 R. S. 1876, p. 357, section 31. Naming the owner in the assessment makes him a party to the proceeding, so that although not named in the petition, he may appeal from the proceedings. *Houk* v. *Barthold, supra.* The answer also avers that the appellant never appealed from the proceedings, nor contested them in any way, but stood by while the ditch was dug through his land and made no objection thereto.

Upon this the following language of this court is in point: " It is a well settled rule of equity, that if a party is guilty of laches or unreasonable delay in the enforcement of his rights, he thereby forfeits his claim to equitable relief. The rule is more especially applicable to cases where a party, being cognizant of his rights, does not take those steps to arrest them, which are open to him, but lies by and suffers other parties to incur expenses and enter into engagements and contracts of a burdensome character." *Muncey* v. *Joest, supra.* When a new ditch has been established, opening into an old ditch, and the water discharged by the new ditch can not be carried off by the old ditch without a too frequent overflow of the adjoining lands, it then becomes the duty of the builders of the new ditch to widen and deepen the old ditch, so as to provide for the increased waterflow, and in case of their failure or refusal so to do, they become liable under section 12 of the act of 1867, *supra,* to the owners of land along the line of the old ditch, for all damages they may sus-

tain in consequence of such increased waterflow, with ten per centum thereon and costs of suit. There was no error in overruling the demurrer to the answer. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and it is hereby, in all things affirmed, at the costs of the appellant.