No. 10,048.

CHAMBERS v. KYLE.

87. 83<br>124 316

DRAINAGE.—*Ditches.*—*Liability for Obstructing.*—The owner of land is liable, under the drainage law, for obstructing a ditch on his own land, only when wilfully done.

SAME.—*Complaint.*—A complaint against a land-owner for obstructing a drain upon his own land should show that the drain was constructed under the statute.

SAME.—*Evidence.*—*Order of County Board for Establishment.*—The order of a county board for the construction of a ditch is admissible in an action for obstructing, to show the legality, but not the actual opening, capacity or utility of the drain.

SAME.—*Negligence.*—*Contributory Fault.*—In the absence of wilful injury, the plaintiff who has stood by and permitted his crops to be ruined by reason of an obstruction in a drain, which he might easily have removed, has no remedy.

PRACTICE.—*Instructions.*—*Immaterial Error.*—Verbal inaccuracies in an instruction will be disregarded on appeal, when upon all the instructions the jury must have apprehended the right meaning.

SAME.—*Record.*—Affidavits filed with a motion for a new trial do not thereby become part of the record on appeal.

From the Bartholomew Circuit Court.

*G. W. Cooper* and *N. R. Keyes,* for appellant.

*F. T. Hord, W. B. Hord, S. Stansifer* and *W. D. Stansifer,* for appellee.

WOODS, C. J.—The appellant complains of decisions of the court in excluding evidence, and in giving and refusing instructions. The appellee, besides denying that any error was committed, insists that the appellant's complaint is not

good, and consequently that if there is error in the record it is harmless.

The complaint charges that the defendant purposely obstructed certain ditches on his own lands, to the injury of the plaintiff's land lying above and adjacent to the lands of the defendant, and is unquestionably bad for want of averments to show that the ditches were such as the defendant had not the right to obstruct. *Taylor* v. *Fickas,* 64 Ind. 167 (31 Am. R. 114); *Templeton* v. *Voshloe,* 72 Ind. 134 (37 Am. R. 150); *Cairo, etc., R. R. Co.* v. *Stevens,* 73 Ind. 278 (38 Am. R. 139); *Weis* v. *City of Madison,* 75 Ind. 241 (39 Am. R. 135); *Cairo, etc., R. R. Co.* v. *Houry,* 77 Ind. 364; *Benthall* v. *Seifert,* 77 Ind. 302. But, on a former appeal in this case, it was held, and therefore it is the settled rule of the case, that the second paragraph of the complaint was good. After that decision an amended complaint was filed, but the second and third paragraphs, upon which the judgment now appealed from is predicated, are substantially the same as the original second paragraph, and consequently are not open to question. See *Chambers* v. *Kyle,* 67 Ind. 206.

The first instruction given by the court is said to be erroneous in that it states the action to be for obstructing the ditch in 1872, while the complaint charges obstructions in 1873 as well as in 1872. Neither paragraph of the complaint alleges obstructions in 1873; and, besides, the evidence was not confined to 1872, and, in the last instruction given, the jury was told that damages might be assessed to August 18th, 1876. Plainly the appellant was not wronged in this respect.

It is claimed that a number of the instructions given were erroneous, inasmuch as they required the damages allowed by the jury to be based on the *back flow* of water caused by the obstructions, while it is insisted that if the flow of the water was impeded to the injury of the plaintiff's land, he was entitled to compensation for the injury, and that instructions to that effect, which the appellant asked, should have been given. The instructions given are exceedingly numerous and elab-

orately minute; but, after a careful and tedious study of the entire series, we are convinced that the particular objection now under consideration is not well taken. The 25th to 29th instructions, inclusive, have particular reference to the elements of damage for which there might be a recovery, and are certainly comprehensive enough. Indeed, it is evident that the court did not use the phrase *back flow* in its literal sense, but in the ordinary sense of back-water, prevented from flowing by reason of an obstruction in its course.

The appellant insists that by reason of the proceedings before the board of county commissioners for the establishment of the ditch, " the question of the construction and capacity of the ditch is *res adjudicata*," and hence that it was error for the court to direct the jury to consider the construction and capacity of the ditch, the nature of the soil through which it is cut, its actual fall, and the like circumstances, in determining what injury, if any, the obstructions complained of had caused to the plaintiff's land. The adjudication extends to the fact of the order for the construction of the ditch, and, when constructed under the order, puts its lawful existence beyond question; but that the record tends to show the actual opening of the drain, or its capacity and utility as opened, could hardly be admitted. The powers of county boards are large, but their mandates do not control the flow of water nor otherwise supersede the laws of nature.

The complaint alleges that the defendant obstructed the ditch by feeding a large number of hogs in the field owned by the defendant, through which the ditch runs, and permitted the hogs to wallow in and fill up and obstruct the ditch. The appellant, claiming that this part of the complaint was held good on the former appeal, insists that the court erred in rejecting evidence of the feeding of hogs in the field, although upon enquiry of the court, at the time the evidence was offered, he denied having any evidence that the appellee fed his hogs in that field with the purpose of obstructing the drain. The complaint in this respect is not and was not held to be good

on the former appeal. It was, it is to be presumed, held good because of the averment that the defendant had obstructed the ditch with rails and timbers thrown into it. He had a right to use his field for the feeding of his hogs, and if his hogs wallowed in the ditch and thereby in a measure caused it to fill up, it was not such an obstruction as is embraced in the statute, and for which the appellee was responsible to the appellant. *Ayres* v. *Laughlin*, 62 Ind. 327. It is only by virtue of the statute that the appellant has any right to have the ditch kept open on the lands of the appellee, and when such a right is created by a statute which in terms makes those liable for damages who "wilfully obstruct any ditch," the provision constitutes a limitation on the right, and the remedy so given is exclusive.

The appellant complains that the court used the word *purposely* instead of *wilfully*. There is nothing in the objection. If there is any difference in the meaning of the words in this connection, the word used was the more favorable to the appellant.

One witness testified that in 1873, when in the employ of the defendant, he put cord-wood in the west ditch in order to make a wagon way across, and by the direction of the defendant took the wood out of the ditch again. And another witness testified that he saw logs and chunks in west ditch—five or six pieces, which "looked like they had been rolled in." The court instructed that there was no evidence tending to show that the defendant caused any obstruction in the west ditch; and this, it is insisted, was error. The obstructions, such as they were, having been on the land of the defendant, we think it ought to have been left to the jury to say whether the defendant was responsible for them; but it is so evident upon the entire case that the result was not affected by this instruction, that we can not reverse the judgment on account of it. It is not shown that the "five or six pieces" constituted a material impediment to the flow of water in the ditch, and if they had, the labor of removal could have been but a trifle, not

enough to enhance the nominal damages awarded. There is, besides, abundant evidence that by force of natural causes the drain had become choked and filled in a manner to account for the injuries suffered by the appellant. There is certainly no evidence of a wilful design to obstruct the ditch for the sake of obstruction alone; and, if through inadvertence or negligence, the defendant or his employees left rails or wood in the ditch, placed there for a proper temporary purpose, the plaintiff could not stand by and await the ruin of the crops of a season, expecting to recover the damages from the defendant, but was bound himself to remove the obstructions, as he had a right to do, and could recover only for the damage suffered before he could reasonably effect the removal. Shear. & Red. Neg., sections 34, 35.

One of the causes for a new trial was the alleged discovery of other evidence, but the affidavits in support of this cause are not made a part of the record; they appear only in connection with the motion for a new trial. *Williams* v. *Potter*, 72 Ind. 354; *Douglass* v. *State*, 72 Ind. 385; *Colee* v. *State*, 75 Ind. 511; *Iles* v. *Watson*, 76 Ind. 359.

If it was material, as it clearly was not, what benefits had been assessed upon the defendant's lands on account of the proposed construction of the ditch, the defendant's own testimony showed all that the appellant proposed to show on the subject.

We find no error in the record for which another trial ought to be granted.

Judgment affirmed.