Anderson *v.* Baker.

No. 11,593.

## ANDERSON *v.* BAKER.

| 98 | 587 |
|----|-----|
| 132 | 498 |
| 132 | 598 |

| 98 | 587 |
|----|-----|
| 140 | 296 |
| 98 | 587 |
| 145 | 141 |
| 145 | 574 |

| 98 | 587 |
|----|-----|
| 154 | 122 |

| 98 | 587 |
|----|-----|
| 158 | 209 |

| 98 | 587 |
|----|-----|
| 171 | 46 |

DRAINAGE.—*Eminent Domain.*—The elements which give public character to the work, and bring the proceedings within the limits of the power of eminent domain, are, that the drain will be of public utility, will benefit highways, or improve the public health.

SAME.—*Remonstrance.*—Whether or not, any particular case is within this limit, may be made an issue by filing the eighth statutory cause of remonstrance.

SAME.—*Jurisdictional Questions.*—As to whether or not the proposed drain may be constructed in a better or cheaper manner upon the lands of the petitioner, without affecting the lands of others, does not determine the public or private character of the work, and hence is not jurisdictional.

SAME.—*Conclusiveness of Report of Commissioners.*—As to whether or not the drain is located upon the best, cheapest, and most available route, and as to whether or not it is practicable to construct it without affecting the lands of others than the petitioner, are questions which are left to the judgment of the commissioners. In the absence of fraud, their judgment upon these questions is final, and can not be reviewed, and it is not error to strike out causes of remonstrance which, without charging fraud, tender an issue upon these questions.

SAME.—*Report.*—*Presumption.*—The decision of the commissioners upon these questions need not be embodied in their report; that they determined these questions will be presumed from the location of the drain by them.

From the Clinton Circuit Court.

*A. E. Paige* and *S. O. Bayless,* for appellant.

*S. Vanton,* for appellee.

ZOLLARS, C. J.—This is a proceeding for the establishment and construction of a drain, under the act of 1881, R. S. 1881, section 4273, *et seq.,* as amended by the act of 1883, Acts 1883, p. 173.

After the filing of the report of the commissioners of drainage, appellant filed a remonstrance against the report, in which he stated four causes, the first and second of which are as follows:

" 1st. Because said report does not describe the best and cheapest method of drainage, termini and route for the com-

plete drainage of said petitioner's lands, to wit," giving description of the petitioner's lands.

" 2d. Because the said lands of Abner Baker, the petitioner, can be as well drained without affecting the lands of the remonstrant or others, by drainage and an outlet through and on his own lands, which drainage can be had in a better and cheaper manner than the route and manner contained in said report."

On motion of appellee these causes were struck out by the court, and appellant excepted. Following this appellant withdrew the third and fourth causes of remonstrance.

Of the first cause of remonstrance, it might well be said, as was said in the recent case of *Higbee* v. *Peed, ante,* p. 420, that if it should be conceded that a question of such a character could be made by the remonstrance, it would not follow that striking out the cause as stated is an available error. As stated, it does not show what would be a cheaper or better route or method of drainage.  It presents nothing certain, and tenders no definite issue for trial.  It would be next to impossible for the petitioner to fully and intelligently meet such a charge.  We shall, however, in this case, place our decision upon broader grounds than this.

The argument of appellant's counsel upon the second cause is that these public drains can not be constructed except by the exercise of the power of eminent domain ; that the statute under which this proceeding is had limits the exercise of that power to such cases as affect the public in some of the ways therein named, and that hence, if the lands of the petitioners may as well be drained by a ditch thereon, without affecting the lands of others, there is no authority for constructing it on the lands of others ; that the petitioner must bring his proceedings strictly within the statute, and show that the drainage of his lands can not be accomplished in the best and cheapest manner without affecting the lands of others. Acts 1883, p. 174.

The claim is that the remonstrant must, at some time, have

the right to make this question, which is regarded as juris-dictional, and that as it can not be made before it is known that the commissioners will locate the drain as asked in the petition, he must have that right by way of remonstrance.

It must be conceded that the property of the citizen can not be taken for the mere private advantage of another citizen. *Chambers* v. *Kyle*, 67 Ind. 206; *Tillman* v. *Kircher*, 64 Ind. 104; *Anderson* v. *Kerns Draining Co.*, 14 Ind. 199; *Deisner* v. *Simpson*, 72 Ind. 435; *Blackman* v. *Halves*, 72 Ind. 515; *Wild* v. *Deig*, 43 Ind. 455 (13 Am. R. 399). But those drains may be constructed if they will be of public utility, or if, by their construction, "the public health will be improved, or one or more public highways of the county will be benefited. *Wishmier* v. *State, etc.*, 97 Ind. 160; *Neff* v. *Reed, ante,* p. 341; *Chambers* v *Kyle, supra.*

These are the elements which give public character to the work, and bring the proceeding within the limits of the power of eminent domain. As to whether or not any particular case is within this limit, may be made an issue by the filing of the eighth statutory cause of remonstrance. Acts 1883, p. 177.

It is expressly provided by this same statute, that if the finding of the court be in support of the remonstrance on this cause, the proceeding shall be dismissed.

The question as to whether or not the drain may be constructed in a better and cheaper manner upon the lands of the petitioner, and without affecting the lands of others, does not determine the public or private character of the work, and is not jurisdictional.

As to whether or not the proposed drain will affect or benefit any particular tract of land may be made an issue by filing the fifth statutory cause; and if, upon this cause, the finding of the court be for the remonstrant, the report of the commissioners will be modified, and the assessments equalized, etc. Acts 1883, p. 177.

The third cause of remonstrance filed, and afterwards withdrawn by appellant, presented this issue. The statute pro-

Anderson v. Baker.

vides that the commissioners of drainage "shall proceed and definitely determine the best and cheapest method of drainage, the termini and route, location and character of the proposed method," etc.  Under the seventh, eighth and ninth causes of remonstrance, Acts 1883, p. 176, section 3, the questions may be made, "That it is not practicable to accomplish the proposed drainage without an expense exceeding the aggregate benefits," "That the proposed work will neither improve the public health nor benefit any public highway of the county, nor be of public utility," and "That the work decided upon is not sufficient to properly drain the lands to be affected."   Acts 1883, p. 176, section 3.   But whether or not the proposed drain is located upon the best, cheapest and most available route, and whether or not it is practicable to construct it without affecting the lands of others than the petitioners, are matters which, by the statute, are left to the judgment of the commissioners of drainage.   No cause of remonstrance is prescribed, nor is any other mode provided, under which the judgment of the commissioners upon these matters may be reviewed.   *Neff* v. *Reed, supra*.   In this regard the decision of the commissioners of drainage is analogous to the decision of the common councils of cities upon the question of benefits from the construction of sewers ; it is final in each particular proceeding, in the absence of fraud.   See *City of Fort Wayne* v. *Cody*, 43 Ind. 197.

It is not necessary that the decision of the commissioners upon these questions shall be embodied in their report.  The statute prescribes a form, R. S. 1881, section 4284, and a report in this form is sufficient, at least so far as concerns the questions under examination. *Indianapolis, etc., Gravel Road Co.* v. *Christian*, 93 Ind. 360.  That they did determine these questions will be presumed from the location of the drain by them.

It follows from what we have said, that the court below did not err in striking out the first and second causes of remonstrance.   The judgment is therefore affirmed, with costs.

Filed Dec. 18, 1884.