# 486 SUPREME COURT OF INDIANA,

The Baltimore and Ohio and Chicago Railroad Company *v.* North *et al.*

Filed Nov. 4, 1885.

---

103 486
126 467
103 486
137 338
103 426
153 238
103 486
154 240
o156 273
103 486
166 54

No. 11,478.

## THE BALTIMORE AND OHIO AND CHICAGO RAILROAD COMPANY *v.* NORTH ET AL.

JUDGMENT.—*Complaint to Impeach for Want of Notice of Pendency of Action.—Collateral Attack.*—Where a party, by complaint in another suit, seeks to impeach the judgment of a court of superior jurisdiction upon the ground that he had no legal notice of the pendency of the suit in which such judgment was rendered, he must allege what, if anything, is shown by the record in relation to notice to him.

DRAINAGE.—*Notice of Petition.—Injunction.—Pleading.*—An averment in a complaint to restrain the construction of a ditch and the collection of an assessment, that the plaintiff "never had any notice whatever of the proposed drainage, or of any proceedings under said petition, and never had any opportunity afforded it to appear and contest the same," is not a sufficient averment of the failure to give the statutory notice required in such proceedings.

SAME.—*Constitutionality of Act of 1881.*—The drainage act of 1881 is a valid and constitutional exercise of legislative power.

SAME.—*Appropriating Land Taken for One Public Use to Another.*—Lands once taken for a public use can not, under general laws, without an express act of the Legislature for that purpose, be appropriated by proceedings *in invitum* to a different public use.

SAME.—*Legislative Intent.*—A legislative intent to subject lands devoted to a public use, already in exercise, to one which may thereafter arise, will not be implied from a grant of power, made in general terms, as in the drainage laws of this State, without special reference to an existing necessity for the subsequent use, where it appears that both uses can not stand together, and the latter, if exercised, will greatly endanger the exercise of the former.

SAME.—*Railroad.—Right of Way.—Power to Establish Drain Upon.*—The cir-

cuit court has no power to establish and order the construction of a ditch upon the right of way of a railroad company.

From the Marshall Circuit Court.

*H. Newbegin, J. Morris, B. B. Kingsbury* and *M. A. O. Packard,* for appellant.

*J. W. Parks, H. Corbin* and *S. D. Parks,* for appellees.

Howk, J.—A number of errors are assigned by the appellant, the plaintiff below, upon the record of this cause. The controlling questions in the case, however, are fairly presented for our decision by the alleged errors of the court in sustaining the appellees' demurrers to the appellant's complaint.

In its complaint, the appellant alleged that it was a corporation organized under the laws of this State, and was the owner of a line of railway extending from Chicago Junction, in the State of Ohio, to the city of Chicago, in the State of Illinois, and through North township, in Marshall county, in this State; that, by proceedings duly had under the laws of this State, and by purchase, the appellant duly acquired a strip of land, six rods wide, extending through sections 25 and 26, in township 35 north, of range 2 east, in North township, in Marshall county, for the construction and maintenance of its railway track, whereon passengers and freight were transported, and all the traffic usually done upon railways was conducted; that by the laws of this State, the appellant was subjected to great responsibility for the safe carriage of passengers and freight on its railway; that, to fully meet its responsibilities, it was essential that appellant should have the exclusive possession and control of its entire right of way along its track in such sections 25 and 26, for the proper and safe maintenance of its road-bed, the repairs thereof, the maintenance of fences erected between its track and the adjacent lands, which by law it was bound to maintain, as well as for the construction of a second track, side-tracks, switches and station and depot grounds, whenever by

increase of business the same might be demanded; that, at the June term, 1882, of the court below, a petition was presented for the drainage of their lands by the appellees Forsythe and five others, claiming to be the owners of lands in the vicinity of the proposed drainage, which included and affected appellant's right of way; but the appellant averred that it never had any notice whatever of such proposed drainage, or of any proceedings under such petition, and never had any opportunity afforded it to appear and resist the same, so far as its right of way or franchises would or might be affected thereby.

And the appellant further said, that notwithstanding it had no notice of any of the proceedings in the court below, under such petition, the appellee North had directed his co-appellee, Kimball, to proceed upon appellant's right of way in such sections 25 and 26, and to excavate a ditch upon and along its right of way for the distance of about one mile; that the appellee North, as drainage commissioner, claimed and pretended to be acting under an order of court, declaring the proposed work established and directing him to construct the proposed work; that the appellee North claimed to have made an assessment against appellant in the sum of $20, but the same was wholly void against appellant, but that he would, if not restrained, seize and sell its personal property to collect such assessment; that if such ditch were constructed on the line established, which the appellee North, and appellee Kimball acting for and under him, were then threatening and attempting to do, it would in effect appropriate, for the benefit of the petitioners for such drainage, the use of lands theretofore appropriated for the exclusive use of appellant in the construction and maintenance of its roadway, without any compensation therefor first assessed and tendered or paid, as required by section 21 of the bill of rights in the Constitution of this State; that the laws under which the appellees were seeking to construct and maintain a ditch, upon appellant's right of way, were unconstitutional and void in

this, that they did not provide appellant a remedy by due process of law for injury to its property in the location and establishment of such ditch; that the proceedings, orders and judgment of the court below, in the matters of such drainage, in so far as they affected appellant, were void and of no effect; that the laws under which such proceedings and orders were had were in contravention of section 1 of article 14 of the amendments of the Constitution of the United States, in this, that such laws by their operation seek to deprive appellant of its property without due process of law, and to deny it with respect to its property the equal protection of the law, and, further, permit the appellees by acting under color of such laws to deprive appellant of its property, without due process of law, which, under such orders of the court, the appellees were about to and would do if not restrained by the court.

And the appellant further alleged that such intended and threatened appropriation of appellant's lands, under color of such drainage proceedings, was wholly unnecessary for the purpose of the proposed drainage, as prayed for; that the construction of such ditch, under the proceedings aforesaid, would deprive appellant of the exclusive possession and control of its right of way through the aforesaid sections 25 and 26, and would subject appellant to increased liability and additional burdens, inconsistent with the proper discharge of its duties and liabilities under the laws of this State, and for which no compensation was or could be made under the provisions of the drainage laws of the State; that the construction of such ditch would bring upon appellant's right of way an increased flood of water, endangering its road-bed; that the repairs of such ditch would be under the control of officials, over whom appellant could have no control or supervision, and the divided control and supervision of such right of way would prove detrimental to appellant's interests, so long as such ditch should be maintained thereon; that such ditch, whether constructed on the located route or some route

adjacent thereto, would be of no benefit whatever to appellant's right of way or track ; that it was not competent, under any form of proceeding for the establishment of a ditch along or near the line of its road, to charge against appellant any benefits or assessments, for a supposed special benefit accruing to it from the construction thereof; that, under its obligation to keep up a safe and proper roadway, appellant was and would be compelled to construct and maintain all ditches and drains necessary or useful for that purpose ; and that the laws of this State concerning drainage did not provide any equitable basis of assessment against the property of the appellant, and were therefore invalid.   Wherefore the appellant prayed for a temporary order restraining the appellees, the drainage commissioners, and those acting under them, from proceeding further in the construction of the proposed ditch, on and along its right of way, and further restrain appellee North from attempting to collect any assessment whatever against appellant, and further restraining all the other appellees from further proceedings, by amendment or otherwise, in such drainage proceedings, to construct such ditch on and along appellant's right of way; that such proceedings and orders might be declared void and of no effect, in so far as appellant's rights were concerned ; and that, upon a final hearing, the injunction against the establishment of any ditch on and along appellant's right of way, under color of such drainage proceedings, might be made perpetual, and for other proper relief.

The appellees, the drainage commissioners, demurred to appellant's complaint, upon the following grounds of objection :

1. The court had no jurisdiction of the persons of the appellees, nor of the subject of the action ;

2. The complaint does not state facts sufficient to constitute a cause of action; and,

3. Several causes of action had been improperly joined.

The second of these grounds of demurrer, namely, that the

complaint does not state sufficient facts, presents the questions discussed by the learned counsel of the appellant, in their able and exhaustive brief of this cause.   The questions thus presented are stated by counsel substantially as follows:

*First.* It is directly charged in the complaint, and admitted by the demurrer, that the plaintiff had no notice or knowledge even of the pendency of the ditch proceedings.

*Second.* The law under which such ditch proceedings were had is in contravention of the first clause of section 12, and the last clause of section 21, of the Bill of Rights in our State Constitution.

*Third.* The law in question is also repugnant to section 1 of article 14, of the Constitution of the United States.   And,

*Fourth.* It was not competent in law to appropriate to the use of such ditch appellant's right of way, which had been acquired by it for its necessary use in its service to the public; especially so, as the complaint shows that the new use will be destructive of the old use, and is not necessary.

Each of these questions we will consider and decide in their enumerated order.

1. In considering the first question appellant's counsel correctly say that "notice was a jurisdictional question, precedent to the exercise of any power in the premises by the court." But it must be borne in mind that appellant, in its pending suit, makes a collateral attack upon the proceedings, orders and judgment of the trial court, in the suit or proceeding of Forsythe and others to locate the ditch, and establish and construct the same, complained of by appellant in its complaint herein. In considering questions which arise upon such an attack, every presumption is indulged in favor of the validity of the proceedings, orders and judgment, when sought to be impeached collaterally by a party to the record; and where their validity is called in question by the complaint of such a party, in a collateral suit or proceedings, he must allege such facts in his complaint as will overcome or exclude all reasonable presumptions in favor of their validity.   Ac-

cordingly, it has been held, and correctly so, we think, that where a party seeks, by complaint in another suit, to impeach the proceedings, orders and judgment of a court of superior jurisdiction, upon the ground that he had no legal notice of the pendency of the suit, wherein such proceedings, orders and judgment were had, made or rendered, he must allege in his complaint what, if anything, is shown in or by the record in relation to notice to him in such suit. *Exchange Bank* v. *Ault*, 102 Ind. 322.

If the Marshall Circuit Court had jurisdiction of the subject-matter of the petition of Forsythe and others for the location and construction of the ditch complained of, we would be bound to presume, in the absence of any sufficient averment to the contrary, that, by giving the statutory notice in the manner and for the time prescribed by the statute, and by making the requisite proof thereof, such court had acquired such jurisdiction of the person of the appellant as would enable it to make or render the orders and judgment in such ditch proceedings which appellant asked the court in its pending suit to declare void and of no effect. *Exchange Bank* v. *Ault, supra.*

In the statute under which Forsythe and others petitioned the Marshall Circuit Court for the drainage of their lands, section 4275, R. S. 1881, it is provided as follows: "When it shall be made to appear by affidavit that notice of the intention to present such a petition has been posted for twenty days in three public places in each township where the lands described in the petition are situated, and near the line of the proposed work, and one at the door of the court-house of each of the counties in which said lands are situated, the court shall hear the same," etc.

In speaking of these statutory provisions on the subject of notice, in *Scott* v. *Brackett*, 89 Ind. 413, the court said: "It will be observed that this statute makes no provision for personal notice. The only notice required is constructive. With such notice, a lien may be fixed upon the land affected by the

proposed work. Without it, no lien can be acquired, though it is so declared. This is elementary, as every man must have 'his day in court.' *Campbell* v. *Dwiggins*, 83 Ind. 473."

In the case in hand, it must be observed that it is nowhere alleged, in appellant's complaint, that, upon the petition of Forsythe and others, the statutory notices of the intention to present such petition had not been posted for the time and in the places, and proof thereof made in the manner, required by the statute. The appellant's allegation, as to want of notice, is as follows: " But this plaintiff says, that it never had any notice whatever of the proposed drainage, or of any proceedings under said petition, and never had any opportunity afforded it to appear and contest the same, so far as it could or might affect its right of way or franchises acquired as aforesaid." We need not argue for the purpose of showing that this allegation was not sufficient. The most that is alleged is, that the appellant never had any notice whatever of the proposed drainage. It is nowhere alleged in appellant's complaint, as we have already said, that the proper notice of the intention to present the petition of Forsythe and others had not been given precisely in conformity with the requirements of the statute. No other notice was contemplated or required by the statute; and when it was made to appear by affidavit that the statutory or constructive notice had been properly given, the court had jurisdiction to hear and determine the matters arising under the petition, if it had jurisdiction of the subject-matter, whether the appellant had or had not any notice whatever of the proposed drainage. We repeat, that if the Marshall Circuit Court had jurisdiction of the subject-matter of the proposed drainage, as described in the complaint in this case, in so far as the proposed drain or ditch was to be excavated longitudinally in and through the appellant's right of way, then we would be bound to hold that the allegation of appellant, that it never had any notice whatever of the proposed drainage, was not sufficient to overcome the presumption that the statutory notice had

been properly given. Before we conclude this opinion, we will recur to and consider the question of the court's jurisdiction of the subject-matter of the proposed drainage, as described in appellant's complaint.

2 and 3. The second question presented by appellant's counsel, in argument, is that the statute, under which the drainage proceedings described in its complaint were had, is in contravention of certain sections of the bill of, rights in our State Constitution; and the third question, presented in like manner, is that the aforesaid statute is repugnant to section 1 of article 14 of the Constitution of the United States. These two questions, if they could properly be regarded as open questions in this State, might well be considered together, for the difference between the sections of our bill of rights and section 1 of article 14 of the Federal Constitution, upon the point to which they are cited, is one of verbiage and phraseology rather than of substance. But the statute in question and prior drainage laws have been so long and so often recognized, acted upon and upheld as valid legislation, in and by the decisions of this court, that we can not now entertain or, at least, express even a doubt as to the constitutionality of such enactments. *Chambers* v. *Kyle*, 67 Ind. 206; *Deisner* v. *Simpson*, 72 Ind. 435; *Coolman* v. *Fleming*, 82 Ind. 117; *Anderson* v. *Baker*, 98 Ind. 587. The question of the supposed unconstitutionality of the statute has been ably discussed by appellant's counsel, but we must decline to consider it, as we think it is settled by our decisions that the law in question is a valid and constitutional exercise of legislative power.

4. The fourth and last question presented by appellant's counsel, in argument, is that it was not competent in law for the court, or the commissioners of drainage acting by the court's authority and under its direction, to appropriate to the use of the ditch or drain appellant's right of way, which it had acquired for its necessary use in its service to the public; especially so, as it appeared in this case, that the new use would be destructive of the old use, and was not neces-

sary. In other words, counsel say it is not competent under a general legislative grant of power to appropriate for one public use what is already applied to another public use, when the latter use would be destroyed by the former. This question involves, we think, the question before referred to of the court's jurisdiction of the subject-matter of the proposed drainage, in so far as the same extended longitudinally in, along and through the appellant's right of way. The allegations of the complaint applicable to the question under consideration, which are admitted to be true as the case is now presented, were in substance as follows: That by proceedings duly had under the laws of this State and by purchase, appellant acquired a strip of ground, six rods wide, extending through sections 25 and 26, in township 35 north, of range 2 east, in North township, in Marshall county, for the construction and maintenance of a railroad track, upon which passengers and freight were carried and the usual railroad traffic was conducted; that it is essential appellant should have the exclusive possession and control of its entire right of way through the aforesaid sections, for the proper and safe maintenance and repairs of its road-bed, maintenance of fences between its track and the adjacent lands, which by law it was bound to maintain, as well as for the construction of a second track, side-tracks, switches and station and depot grounds, whenever the same might be demanded by increase of business; and that the appellees North and Kimball, claiming to act under the order of the court, had proceeded upon appellant's right of way, in the aforesaid sections, to excavate a ditch along such right of way a distance of about one mile.

We are of opinion that the Marshall Circuit Court, notwithstanding the broad and comprehensive terms of the statute, had no jurisdiction, power or authority to declare the proposed ditch or drain established upon, along and longitudinally through appellant's right of way, or to direct the commissioner of drainage to make or construct such ditch or

drain. The law seems to be well settled that lands once taken for a public use can not, under general laws, without an express act of the Legislature for that purpose, be appropriated by proceedings *in invitum* to a different public use. The Legislature, as the supreme and sovereign power of the State, may doubtless interfere with property held by a corporation for one purpose and apply it to another; but the legislative intention so to do must be stated in clear and express terms, or must appear from necessary implication. *In re City of Buffalo*, 68 N. Y. 167; *In re Boston & A. R. R. Co.*, 53 N. Y. 574; *Prospect Park, etc., R. R. Co.* v. *Williamson*, 91 N. Y. 552.

A legislative intent to subject lands devoted to a public use, already in exercise, to one which might thereafter arise, will not be implied from a grant of power, made in general terms, as in our drainage laws, without special reference to an existing necessity for the subsequent use, where, as in this case, it appears that both uses can not stand together, and the latter, if exercised, must greatly endanger, if it do not destroy, the exercise of the former use. Mills Em. Domain, section 45, *et seq.*, and authorities cited; *Hickok* v. *Hine*, 23 Ohio St. 523; *Crossley* v. *O'Brien*, 24 Ind. 325; Pierce Railroads, p. 156; 1 Redf. Law of Railways, p. 244, and *note*.

There is nothing in the *first* and *third* grounds of appellees' demurrer to the appellant's complaint. The court erred, we think, in sustaining the demurrers to the complaint, and from this decision it follows logically that the court also erred in sustaining appellees' motions to dissolve the temporary injunction theretofore granted herein.

The judgment is reversed, with costs, and the cause is remanded, with instructions to overrule the demurrers to the complaint and the motions to dissolve the temporary injunction, etc.

Filed Nov. 4, 1885.