Heick *et al. v.* Voight.

Filed April 5, 1887.

---

No. 12,392.

## HEICK ET AL. *v.* VOIGHT.

DRAINAGE.—*Pleading.—Petition.—Sufficiency of.*—A petition for a drain, under the act of March 8th, 1883, which recites that such drainage can not be accomplished in the best and cheapest manner, without affecting the lands of others, and that the same can be best had and effected by a ditch commencing, etc., followed by a description of the proposed work,

and the manner of accomplishing the drainage of the several tracts of land described, sufficiently complies with that part of section 1 of said act which requires that the petition shall state generally the method by which it is believed the proposed drainage can be accomplished in the cheapest and best manner.

SAME.—*Practice.—Pleading.—Answer.—Motion to Strike Out.*—In such a proceeding, the statute does not contemplate that any issue, involving the merits of the cause, may be tendered or tried before the report of the drainage commissioners has been received; and where, before reference to such commissioners, an answer is filed which pleads former adjudication as to some parts of the proposed drain, and as to other parts that the work is impracticable, and more comprehensive than is necessary to drain the petitioner's lands, and that its cost would exceed the benefits to be derived therefrom, a motion to strike out such answer should be sustained.

SAME.—*Former Adjudication.*—No provision having been made in the act of March 8th, 1883, for pleading a former adjudication as to a petition for a drain, it follows that a failure to secure the drainage petitioned for will not bar a future proceeding for the same purpose, by the same party.

SAME.—*Constitutional Law.—Act of March 8th, 1883, Construed.*—If, in such drainage proceeding, the court finds that the proposed drain will either improve the public health or benefit a public highway, or be of public utility, the construction of the drain will be deemed a work of such a public character as to warrant its prosecution in the manner provided by law, and the statute, thus construed, is not in conflict with the constitutional provisions against taking the property of an individual, for a private purpose, or without just compensation.

SAME.—*Public Benefit.— Improvement of Highway.—Conclusion· of Law.*—In such proceeding a finding of facts by the court, that the public health will not be improved by the proposed drain, but that it will benefit the public highways of the county, and render more valuable and productive five or six hundred acres of marsh land; that the improvement of such highways will be of no practical benefit to the remonstrants; that the proposed drainage can be accomplished without incurring an expense exceeding the benefits, and that the assessments made and confirmed against the lands of the remonstrants are based upon benefits to accrue to such lands from the construction of such drain, and not from the improvement of the highway, will support and justify a conclusion of law that the improvement of the several public highways, and the benefits to the marsh land described, were such public purposes as to justify the several assessments of benefits against the lands in question.

SAME.—*General Plan of Drain.—Determination of Commissioners Final.*—The question as to whether the plan of the proposed drain is more comprehensive, or whether it embraces and affects more lands, than necessary in

order to accomplish the drainage of the petitioner's lands in the cheapest and best manner, is one for the exclusive judgment of the drainage commissioners, and their determination of such question is not reviewable by the court.

From the Porter Circuit Court.

*H. A. Gillett,* for appellants.

*W. Johnston,* for appellee.

MITCHELL, J.—This proceeding was instituted in the circuit court of Porter county, upon the petition of Augustus C. Voight, for the establishment of a ditch. Heick and others appeared and demurred to the petition. After their demurrers were overruled, each filed special answers. These answers were stricken out on the motion of the petitioner. The appellants then filed separate remonstrances, upon which a trial was had, the court finding the facts specially, and stating conclusions of law thereon, adverse to the remonstrants.

The only objection which is urged to the complaint is, that it fails to comply with section 1 of the act of March 8th, 1883, in that it omits to state generally the method by which it is believed the proposed drainage can be accomplished in the cheapest and best manner.

The act of 1883 requires that the petition shall contain, among other essentials, a statement such as that above referred to. After describing certain lands which it is alleged belong to the petitioner, and which would be benefited by drainage, the petition recites that such drainage "can not, however, be accomplished in the best and cheapest manner, without affecting the lands of others." The averment follows that the petitioner "believes that such drainage can be best had and effected by a ditch commencing," etc. Then follows a general description of the proposed work, and the manner of accomplishing the drainage of the several tracts of land described. All the other essential averments are found in the petition, which follows the form prescribed in section 4284, R. S. 1881.

It would be a narrow and illiberal construction of the stat-ute, to hold that the petition was insufficient. Section 4280 requires that the act be liberally construed to promote the drainage of wet and overflowed lands.

The answers which were stricken out by the court were filed before the matter was referred to the commissioners of drainage. These answers were pleas of former adjudication in respect to some parts of the proposed drain, and in respect to other parts, that the work was impracticable and more comprehensive than was necessary, in order to effect the drainage of the petitioner's lands, and that its cost would exceed the benefits to be derived therefrom. No such issues as those tendered by the answers, if allowable at any stage of the proceedings, are contemplated by the statute, until after the report of the drainage commissioners has been made. Section 2 of the act of 1883 provides that after the petition is docketed, land-owners shall have three days in which to file any demurrer, remonstrance or objection to the form of the petition, or as to why the commissioners of drainage, or any one of them, on account of their interest in the pro-posed work, or kinship to any persons whose lands are to be affected thereby, should not act in the matter.

Questions which relate to the subjects enumerated above are the only ones that can be raised, after an appearance to the proceeding, and before the report of the commissioners has been received. Until then, no issue involving the merits can be tendered or tried. The statute does not contemplate two trials upon issues of fact, in one case. The answers stricken out did not present any question relating to the sub-jects enumerated. They were, therefore, properly rejected.

After the commissioners' report has been made, remon-strances may be filed. The statute prescribes definite and particular grounds of remonstrance. Some of the answers presented as a bar to the proceedings grounds of objection which are not specified as grounds of remonstrance. The grounds of remonstrance can not be enlarged by answers

filed before the report of the commissioners is made. No provision is made for pleading a former adjudication. It is, therefore, to be inferred that the Legislature did not intend that one failure to secure the drainage petitioned for should bar all future attempts, if the petitioner was willing to run the hazard of paying the costs, in case such subsequent efforts failed of success.

The next ground upon which a reversal is asked involves the propriety of the conclusions of law stated by the court upon the facts found.

The only facts found by the court which are involved in the question presented for consideration are, that it was practicable to accomplish the proposed drainage without incurring an expense exceeding the aggregate benefits to result therefrom.

It is further found that the proposed work will not improve the public health, but that it will benefit two public highways of the county, and that the improvement of such highways will be of no peculiar or special benefit to the appellants. It is found that the assessments made and confirmed against the appellants' lands respectively are based upon benefits to accrue to such lands from the construction of the ditch, and not from the improvement of the highways.

It is also found that the proposed work will render more valuable and productive some five hundred or six hundred acres of marsh land.

Among other conclusions of law, the court stated that the improvement of the several public highways, and the benefits to the lands described, were such public purposes as to justify the several assessments of benefits against the lands of the appellants.

The appellants' argument against the validity of the foregoing conclusion proceeds upon the theory that the statute which authorizes assessments of benefits against the lands of an individual, for the construction of a drain, when the only

public benefit to be derived therefrom is the improvement of one or more public highways, and which improvement of the highways is of no special benefit to the individual, is unconstitutional.

It is said that there is in this State a uniform rule of taxation for road purposes by townships, to which all persons and property are subject, and that if a ditch assessment is to be enforced upon the sole ground of an improvement of a road, then whatever land is assessed for the ditch must contribute twice to the burden of improving the highway. The force of this reasoning, as applicable to proceedings for drainage purposes, is not perceived.

Assessments for the construction of a drain are not enforced on the ground of public benefits. The right to impose such assessments is founded upon the benefits which the land assessed is supposed to receive from the drain. The power of eminent domain, which is called into exercise, to some extent, in a proceeding to establish and construct a drain, can only be exerted when the work to be accomplished enures either directly or indirectly to the benefit of the public, or involves some public use. Hence the statute, section 4276, R. S. 1881 (sec. 3, Acts 1883, p. 176), has provided that if the finding of the court be that the proposed drain will neither improve the public health, nor benefit any public highway of the county, nor be of public utility, the proceeding shall be dismissed. It follows, necessarily, that if the finding be such as to affirm either of the propositions above stated, the construction of the drain is to be deemed a work of such a public character as to warrant its prosecution in the manner provided by law. That the work will either promote the public health, or improve a public highway, or be of public utility, is to be regarded as a legislative declaration that it is of such a public character as to justify the exercise of the power of eminent domain to the extent required in its accomplishment. *Donnelly* v. *Decker*, 58 Wis. 461 (46 Am. R. 637) ; Cooley Taxation, 616. The presumption is, there-

fore, in favor of the public character of a use which is de-clared to be public by the Legislature. *Town of Rensselaer* v. *Leopold*, 106 Ind. 29; Mills Eminent Domain, section 10. The act is, therefore, constitutional in the respect that the construction of a drain under the statute is not the taking of the property of an individual for a private purpose, or without just compensation. *Chambers* v. *Kyle*, 67 Ind. 206; *Tillman* v. *Kircher*, 64 Ind. 104; *Wishmier* v. *State, etc.*, 97 Ind. 160, and cases cited; *Anderson* v. *Baker*, 98 Ind. 587; *People* v. *Nearing*, 27 N. Y. 306; *Rutherford* v. *Maynes*, 97 Pa. St. 78; *Brewer* v. *City of Springfield*, 97 Mass. 152. ·

It does not follow, because assessments of benefits have been made against the appellants' lands, and because they, in common with others of the taxing district in which they re-side, or in which their lands are situate, contribute to the improvement of the highways, by the payment of road tax, that they are thereby twice taxed for a public improvement from which they derive no special benefit.

The assessments of benefits upon the lands which are found to be benefited by the construction of the drain are not paid for the purpose of improving the highway. The assessments are made upon the theory that each tract of land assessed re-ceives a peculiar and special benefit, and is increased in value, by the construction of the improvement, to an amount equal to the sum assessed against it. *Lipes* v. *Hand*, 104 Ind. 503; Desty Taxation, 1237.

The land-owner simply pays toward the construction of the work a sum equal to the benefits which accrue to his own land. The law simply coerces him to contribute toward the improvement of his own property, because the public good is involved in the enterprise. He pays no more toward the the public use than does any other citizen of the township. If any benefits are assessed against the township on account of the public use, such benefits are paid out of the public fund equally by all the citizens of that taxing district. The land-owner whose land is assessed for benefits, resulting to it

from the construction of a drain, is not subjected to double taxation for the improvement of highways, which are also benefited by such drain. The authorities cited which apply to assessments for street improvements, where the property assessed is not specially and peculiarly benefited, have no application to a case like this. The conclusions of law stated by the court were not erroneous.

Whether the project was more comprehensive, or whether it embraced and affected more lands, than was necessary in order to accomplish the drainage of the petitioner's lands, in the cheapest and best manner, was a subject for the exclusive judgment of the commissioners of drainage. Their determination of that subject was not reviewable by the court. *Anderson* v. *Baker, supra ; Meranda* v. *Spurlin,* 100 Ind. 380.

The next objection involves the propriety of the ruling of the court in allowing certain questions to be answered by witnesses called on behalf of the petitioner. One of the commissioners of drainage was asked to state how many acres of land would be benefited by the proposed drainage. It was shown that the witness had examined the proposed work, and that he had sufficient knowledge of the facts upon which to base a conclusion. These facts were also to some extent detailed to the jury. Without stating how many acres would be benefited, the witness answered as follows : " It seems to me there would be five hundred or six hundred acres of land there." The question was proper within the ruling in *Bennett* v. *Meehan,* 83 Ind. 566 (43 Am. R. 78). In any event, the answer was harmless, as the witness made no attempt to fix the number of acres that would be benefited.

Other witnesses, who were also commissioners of drainage, and had examined the proposed work, were asked to state whether certain specified tracts of land would be benefited by the construction of the drain. These questions were of more doubtful propriety. Considering the character of the answers, however, we are constrained to hold that no error was committed in allowing the questions to be asked. As

an example of the answers elicited, one of the witnesses said : "I think it would be a benefit; it dries the water off." Another answer was, speaking of the drain : "It is my opinion that it would benefit the land; it runs through the piece of land."

There is a clear distinction between the questions pro-' pounded and those involved in *Yost* v. *Conroy,* 92 Ind. 464 (47 Am. R. 156), and other kindred cases.

These questions did not involve the ultimate issuable facts, as did the questions in the cases relied on for a reversal. The questions did not call for an opinion as to the amount of benefits or damages, and the answers were statements of fact, rather than the expression of opinions. They were properly preliminary to the inquiry which followed, concerning the amount of benefits to the several tracts of land.

There was no error. The judgment is affirmed with costs.

Filed April 1, 1887.