Williams, J.
The petition on which the commissioners acted, prayed that the ditch it was sought to have constructed, should be tiled; and the commissioners so ordered. This, it is contended, the commissioners were without authority to do. But that authority, we think, is conferred by section 4447, of the Revised Statutes, which provides that: “The commissioners of any county * * * may cause to be located and constructed, straightened, widened, altered, deepened, boxed or tiled, any ditch, drain or water-course, or box or tile any portion thereof.” This statute does not require, as counsel contend,that ¿here shall first be an open ditch constructed, and thereafter a separate proceeding to have it tiled. The *38 statute was designed for practical purposes, and enables the commissioners in the same proceeding, when deemed advisable, to order the construction of a tiled ditch, instead of going through the formality, and imposing upon the landholders interested the expenses, of two successive proceedings to accomplish that end. This authority is not affected by the fact that a subsequent statute has conferred the power on township trustees to locate underground drains. A tiled ditch may be an underground drain, but it is still a tiled ditch within the purview of section 4447; and all underground drains are not necessarily made of tile. Until the enactment of that statute the trustees had not been invested with the power to make tiled or other underground drains, and the difference in the phraseology of that statute from that of section 4447, fails to establish that the commissioners are not, by that section, clothed with like power.
In the petition, one of the descriptive calls of the ditch is to run “along the line of the Northern Ohio railroad to the natural watercourse, and there terminate;” and, in the order establishing the ditch that terminus was changed by extending it a short distance down the stream, “far enough” as stated in the record, “to give sufficient outlet for the ditch.” By this change of the terminus, it is claimed the whole proceeding became void, because, it is said, the ditch thus established is not the one prayed for in the petition. But authority for such change is found in section 4448, of the Revised Statutes, which provides that “the commissioners may change either terminus of such ditch before its final location, if the object of the improvement will be better accomplished thereby.” The statement in the record that *39 the change was made in order to provide sufficient outlet for the ditch, sufficiently shows that it was necessary to better accomplish the object of the imju'ovement. Besides, the change made was an act done in the exercise of jurisdiction already fully acquired, and an entry on the record showing the reason for the change was not necessary to confer jurisdiction, nor required by the statue. The official act of making the change raises the presumption that there was legal cause therefor. It was not a change of the route of the ditch, within the contemplation of section .4489.
The further claim is made in this case, that the location of a part of the ditch in question, on the company’s right of way, parallel with its used roadway, was without authority; and in support of that claim R. R. Co.’s v. North, 103 Ind., 486, is cited. It urns there held that: “In the absence of statutory authority a ditch cannot be ordered to be constructed longitudinally on a right of way of a railroad.” By our statutes, the power to establish'and construct county ditches is conferred on the commissioners in general terms, and without restraint or qualification oh. account of the nature of the use or ownership of the lands on which they may be located. And it is the settled rule in this state that, while property already appropriated in the proper exercise of the power of eminent domain cannot be taken for another public use that will wholly defeat or supersede the former use, unless the poAver to make the second appropriation be granted expressly or by necessary implication, land held by a corporation, whether acquired by purchase or appropriation, may, subject to that limitation, be made subservient to other needed public uses. Railroad Co. v. Belle Centre, 48 Ohio St., 273. There is nothing in this case to show, nor does it seem pos *40 sible, that the construction of the contemplated ditch will be incompatible, or interfere, with the exercise, by the railroad company, of any of its franchises.
The questions in this case so far as they relate to the public utility of the ditch are substantially the same as in the preceding case. What is said there is applicable here, and disposes of that branch of this case. No further consideration of it is needed here.
In regard to the claim of this plaintiff in error for damages, the record shows that the court jjroperly instructed the jury, giving in charge, in substance, the instruction requested and refused in the preceding case. No exception was taken to the charge, nor request made for further instruction.
But with respect to compensation for land appropriated for the ditch, the same error occurred that was committed in the preceding case, and for that error alone the judgments below will be reAmrsed and the cause remanded to the probate court for a new trial, no other error being discovered in the record.

Judgment accordingly.